Johnson, J.
The Hotel Company was indicted by the grand jury of Allen county. The indictment charged that in September, 1920, the company wil-fully, * ( * * unlawfully, without serving notice on the state fire marshal of Ohio, required by Section 843-18, General Code, raised the rates of *362 rooms in the hotel and did charge one Schwartz the sum of $48 for the rental of one room from the 6th to the 10th of September, whereas the schedule of prices filed with the state fire marshal, as required by the statute, was $4 per day for the rental of said room, or $16 in all.
The defendant company filed a general demurrer to the indictment, which was sustained by the court of common pleas.
The sections of the Code upon which the indictment was based are Sections 843-1 et seq., General Code. Section 843-1 contains’ a general definition of the term “hotel.” By Section 843-3 it is provided that on or before May 1, 1920, and the first day of January in each year thereafter, a license should be procured for each hotel conducted as described in the statute. Section 843-18 (108 O. L., pt. 1, 292) provides that the owner or manager of each hotel shall post in a conspicuous place in each room thereof a card or sign stating the price per day of such room, and shall file with the state fire marshal a diagram or list showing the price of each room in said hotel, and no advancé shall be made in this schedule without twenty-days written notice to the state fire marshal.
It is contended that the sections of the statute under which this prosecution was instituted are unconstitutional because they interfere with the use of private property, in violation of Section 19, Article I of the Constitution of Ohio;, that the statute is not of uniform application throughout the state, in violation of Section 26, Article II of *363 the Constitution of Ohio; and that the penalty which the law provides does not apply to the act charged in the indictment.
The business of keeping a hotel is closely related to the health and welfare of the public and has long been regarded as a thing affected with a public interest. At the common law an inn has been defined as a house which is held out to the public as a place where transient persons who come will be received and entertained as guests for compensation; as a public house for entertainment for all who choose to visit it. 14 R. C. L., 493.
License statutes have been adopted in many states, under which the keepers of hotels are required to be licensed, and regulations are prescribed concerning the maintenance and operation of hotels in the interest of the public health and welfare. No principle is better established than that when an owner devotes private property to the public use he so devotes it bound with notice that it will be subject to public regulation, both as to its use and as to the compensation to be paid for it. (Munn v. Illinois, 94 U. S., 113.) As was said by the court in German Alliance Ins. Co. v. Lewis, Supt. of Insurance, 233 U. S., 389, in referring to former decisions of that court, they “demonstrate that a business, by circumstances and its. nature, may rise from private to be of public concern and be subject, in consequence, to governmental regulation. * * * 'The underlying principle is that business of certain kinds holds such a peculiar relation to the public interest that there is superinduced upon' it the right of public regulation’.”
*364 The authority of the general assembly to regulate occupations by license and compel the payment of a reasonable license fee was sustained in Marmet v. State, 45 Ohio St., 63. In State, ex rel. Zielonka, City Solicitor, v. Carrel, Auditor, 99 Ohio St., 220, the amendment to Section 10, Article XII qf the Constitution, adopted in 1912, was under consideration, and it was there held that the state, under the provisions of Section 10, Article XII of the Constitution, has authority to levy excise taxes in the form of an occupational tax. The license or occupational tax is in no sense a tax on the property, but is a tax on the right to carry on the trade or to transact the business for which the license is granted. In Saviers v. Smith, Secy. of State, 101 Ohio St., 132, it was held that under the general grant of legislative power conferred by Section 1, Article II of the Constitution, the legislature may tax rights, privileges and franchises, that an excise is a tax imposed upon the performance of an act, the engaging in an occupation, or the enjoyment of a privilege, and that by the provisions of Section 10, Article XII of the Constitution, specific authority has been conferred for the levying of such a tax.
The thing charged against the defendant company in this case is that it had fixed one schedule of prices for its rooms in the schedule filed with the state fire marshal as required by law, and had charged rates largely in excess of the prices fixed by the schedule so prepared by itself. This was the evil which the statute denounced and which it is designed to correct. The legislature does not *365 attempt to fix the price of any room in a hotel. It does not require that-the hotel shall furnish its accommodations or its services at any particular rate, but the general assembly did make the regulation that when the hotel company has fixed its rate it must file a schedule of the same with the fire marshal, and when it exercises its undoubted privilege of raising the rate it must file the new schedule with the fire marshal and allow the same to be on file twenty days before the new rate goes into effect. It is matter of common knowledge, that, at times, when large numbers of the public meet in cities or towns for conventions, or similar gatherings, the capacity of hotels and places for public accommodation is overtaxed - and opportunity is thereby given for the exaction of exorbitant or unfair charges. No elaboration of this situation is needed to demonstrate that a condition is thereby presented for the proper exercise of the regulatory power of the general assembly.
Mr. Justice Harlan, in California Reduction Co. v. Sanitary Reduction Works, 199 U. S., 306, said, at page 324: “This court has said that ‘the possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety,- health, peace, good order and morals of the community’.” And in Froelich v. City of Cleveland, 99 Ohio St., 376, it was held that “The state and municipalities may make all reasonable, necessary and appropriate provisions to promote the health, morals, peace and welfare of the community. But neither the state nor a municipality may make *366 any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation.”
We think it clear that the provisions of this statute are in the .interest of the general welfare and must be upheld within the well-established rule referred to.
It is also contended that the statute violates the provisions of Section 26, Article II of the Constitution, which require that all laws of a general nature shall have uniform operation throughout the state, and it is maintained that this statute is a plain attempt by the legislature to fix rates for hotels. The necessity for classification in regulatory legislation in order that it may be definite and efficient to accomplish its object has been long recognized.
In the recent case of Xenia v. Schmidt, 101 Ohio St., 437, it was held:
“Classification .is an inherent right and power in legislation, limited only by the constitution and the judicial constructions thereunder.
“A classification must not be arbitrary, artificial, or evasive, but there must be a real and substantial distinction in the nature of the class or classes upon which the law operates.
“In respect to such distinctions, the legislative body has a wide discretion, and the legislation in *367 volving classification will not therefore be held invalid unless the classification attempted is clearly and obviously unreasonable to the point of discriminating against members of the same class, so as to deny them the equal protection of the laws.”
In Steele, Hopkins & Meredith Co. v. Miller, 92 Ohio St., 115, this doctrine is stated and discussed in the opinion, and in the second proposition of the syllabus it is held: “A statute is general and uniform, within the requirements of the constitution, if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is not invalid merely because not made with exactness or because in practice it may result in some inequality.” To the same effect are Central Lumber Co. v. State of South Dakota, 226 U. S., 157; Middleton v. Texas Power & Light Co., 249 U. S., 152, and Hubbell v. Higgins, 148 Ia., 36, 126 N. W. Rep., 914.
From the suggestion we have above made as to the object sought to be accomplished by the passage of this statute, we think it clear that the classification and the limitations contained in the statute are natural and reasonable and respond to the necessities of the situation as stated.
It is also contended that the penalty does not apply to the particular thing charged in the indictment. The penal provisions of the law are found in Section 843-8: “Whoever shall fail or refuse to comply with the provisions of this act shall be deemed guilty of a misdemeanor and shall be sub *368 ject to a fine of ten dollars for each day that such violation is continued. If any such violation continue for more than thirty days, the state fire marshal may revoke the license of such person, firm or corporation upon hearing and notice as hereinafter provided and close the building or premises for use as such hotel or restaurant until all the provisions of this act shall be complied with.”
Now, so far as those provisions relate to the indictment under investigation in this case the statute fixes the penalty for the act of the hotel company in charging rates in excess of those stated in the schedule which it had filed with the state fire marshal in obedience to the statute.
For these reasons the exceptions will' be sustained.

Exceptions sustained.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.