FREDERICK M. HUBBELL, ET AL., Appellees, v. LAFAYETTE HIGGINS, Appellant.

**Constitutional law:** HOTELS: ARBITRARY CLASSIFICATION: STATUTE.
1 The act of the 33d General Assembly providing for the inspection of hotels and declaring that every structure kept, used, advertised, or held out to the public to be an inn, hotel or public sleeping house, or place where sleeping accommodations are furnished for hire to transient guests, in which ten or more sleeping rooms are used for the accommodation of guests, shall be deemed a hotel within the meaning of the act, is not unconstitutional because making an arbitrary and unreasonable classification of hotels, in that it is confined in its application to hotels having a certain number of rooms, or that it refers simply to hotels which receive transient guests.

**Same:** DELEGATION OF LEGISLATIVE POWER. Nor is the statute unconstitutional because delegating legislative power to a hotel inspector, provided for therein, in that it authorizes him to arbitrarily determine whether a hotel is of approved fire proof construction or maintained in approved sanitary condition; since the act does not confer upon him arbitrary power in these respects but simply requires him to determine in given cases whether hotels are in fact of such construction. And the same is true concerning his authority over sanitary matters and other like features of the act.

**Same:** HOTELS: SANITARY REGULATION: ENFORCEMENT. Nor does the

provision that all hotels shall be kept and maintained in a clean and sanitary condition, free from gas or offensive odors arising from designated sources, or from any other source, within the control of the owner or person in charge, operate to confer on the inspector arbitrary power to declare a nuisance because of offensive odors.

Same: DUE PROCESS OF LAW: SEARCH. The legislature in the exercise of its police power may provide for the inspection of hotels in the interest of public safety and health; and this right of inspection is a mere incident of such power, an exercise of which violates no constitutional guaranty against the right of entry upon private property and search without due process of law.

Same: IMPRISONMENT FOR DEBT. The provision of the statute in question which makes a failure to pay the inspector's charge a misdemeanor and punishable by fine and imprisonment is invalid, because in violation of the constitutional provision which prohibits imprisonment for debt. But as that provision is not essential to the remainder of the act it may be eliminated leaving the act in all other respects valid.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, JUNE 16, 1910.

ACTION for injunction brought by the plaintiffs, as owners of a hotel, against the defendant, as the official hotel inspector, to restrain the defendant from enforcing against the plaintiffs the provisions of the law relating to hotel inspection, being chapter 168, Acts 33d General Assembly, on the alleged ground that such act is unconstitutional. There was a decree in the trial court sustaining the contention of the plaintiffs and entering a decree of perpetual injunction against the defendant on the ground of the unconstitutionality of such statute. The defendant appeals.—*Reversed.*

*H. W. Byers* and *George Cosson,* for appellant,

*W. E. Johnston* and *Baily & Stipp,* for appellees.

EVANS, J.—The case was tried below upon a stipulation of facts. The issues were so framed and the facts so stipulated as to present to the court the one question whether the act of the Thirty-Third General Assembly above referred to is constitutional. The specific grounds upon which plaintiffs challenge the validity of the act as being unconstitutional are set forth in their substituted petition as follows:

That said act is unconstitutional, and in violation of and repugnant to the provisions of the Constitutions of the United States and state of Iowa, for the reason that the classification of inns, hotels and public lodging houses to which the said act is made applicable is an arbitrary classification based on no valid or sufficient reason, for the reason that it is class legislation and not equal or uniform in its provisions. That it deprives the plaintiffs of equal protection of the law. That it abridges the privileges and immunities of the plaintiffs as citizens of the United States and of the state of Iowa. That it deprives plaintiffs of their property and liberty without due process of law. That it delegates legislative power to the inspector of hotels, for the reason that the regulations contained in said act are arbitrary and unreasonable. That section sixteen of said act is in violation of and repugnant to section nineteen of article one of the Constitution of the state of Iowa, in that it provides for imprisonment for debt and endeavors to make a misdemeanor out of an act which the Legislature has no power to define as a misdemeanor. That sections two and five of said act are in violation of and repugnant to section one of the fourteenth amendment of the Constitution of the United States and section six of article one of the Constitution of the state of Iowa, for the reason that said sections of said act create a monopoly and abridge the privileges and immunities of these plaintiffs and denies to these plaintiffs the equal protection of the law. That section six of said act is in violation of and repugnant to the Constitution of the United States and state of Iowa for the reason that it endeavors to make a nuisance out of things and conditions which are not nuisances in fact. That said act is void for the reason that its provisions are

so uncertain and indefinite as to be impossible of enforcement.

The argument of plaintiffs, appellees. is concentrated largely upon the propositions: (1) That the classification of hotels as made in such act is arbitrary and unreasonable; (2) that the act confers upon the hotel inspector legislative powers; (3) that it gives the inspector arbitrary power to declare a hotel a nuisance even though no nuisance exist in fact or law; (4) that it is void for uncertainty in its terms; (5) that it authorizes imprisonment for debt, in that a failure on the part of the hotel keeper to pay the inspection fee is made a misdemeanor thereby.

There are a few general rules applicable to the discussion which are well settled by the authorities and which are not controverted by the parties before us. As preliminary to the discussion, some of these rules may be stated in varying form as we cull them from the cases.

Legislation in favor of different classes of individuals, in order to be valid, must extend to and embrace equally all persons who are or may be in like circumstances, and the classification must be natural and reasonable, not arbitrary or capricious.

The true practical limitation of the legislative power to classify is that the classification must be upon some apparent natural reason, some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity, or propriety of different legislation with respect to them.

Classification, to be constitutional, must be based upon substantial distinction which makes one class so different from another as to suggest the necessity of different legislation with respect to it.

Laws public in their objects may be confined to a

particular class of persons if they are general in their application to the cases to which they apply, provided the distinction is not arbitrary but rests upon some reason of public policy.

Classification must be reasonable and based upon real differences in the situation, conditions and tendencies of things. If there is no real difference between persons, occupations, or property, the state can not make one in favor of some persons over others.

The true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason, some reason suggested by necessity, by such a difference in the situation 'and circumstances of the subjects placed in different classes as suggest the necessity or propriety of different legislation with respect to them. *State v. Garbroski,* 111 Iowa, 496; *Bailey v. People,* 190 Ill. 28 (60 N. E. 98, 54 L. R. A. 838, 83 Am. St. Rep. 116); *State v. Cooley,* 56 Minn. 540 (58 N. W. 150); *State v. Mitchell,* 97 Me. 66 (53 Atl. 887, 94 Am. St. Rep., 481); *Nichols v. Walter,* 37 Minn. 264 (33 N. W. 800).

Legislation which affects alike all persons similarly situated is not class legislation. *Sisson v. Board of Supervisors,* 128 Iowa, 462; *Barbier v. Connolly,* 113 U. S. 27 (5 Sup. Ct. 357, 28 L. Ed. 923); *Hayes v. Missouri,* 120 U. S. 68 (7 Sup. Ct. 350, 30 L. Ed. 578).

The legislature has power to adopt legislation in the interest of public health and public safety, provided such legislation is reasonably adapted to the end sought. The Legislature may also grant to commissioners and other subordinate officers power to ascertain and determine appropriate facts as a basis for procedure in the enforcement of the law, and the granting of such authority is not a delegation of legislative power. *Brady v. Mattern,* 125 Iowa, 169; *State v. Thompson,* 160 Mo. 333 (60 S. W. 1077, 54 L. R. A. 950, 83 Am. St. Rep. 468); *Ryan v.*

*Outagamie,* 80 Wis. 336 (50 N. W. 340) ; *Locke's Appeal,* 72 Pa. 491 (13 Am. Rep. 716); *Easton Commissioners v. Covey,* 74 Md. 262 (22 Atl. 266).

The first point argued by the appellees is that the statute is arbitrary in its classification, in that it is confined in its application to hotels having ten or more sleeping rooms. This classification is found in section one of the act, and it is in the nature of a definition of "hotel" within the meaning of the act, and is as follows: "Every building or structure kept, used, advertised as or held out to the public to be an inn, hotel or public lodging house, or place where sleeping accommodations are furnished for hire to transient guests whether with or without meals in which ten or more sleeping rooms are used for the accommodation of such guests shall for the purpose of this act be defined to be a hotel."

I. CONSTITU-
TIONAL LAW:
hotels: arbi-
trary classifi-
cation:
statutes.

It is not denied but that some classification is desirable and proper, and that some line of division may be reasonably adopted as limiting the application of the law. Can it be said that the line of division which is provided in the statute is based upon a natural reason and one in harmony with the necessities of the situation? There is a sense, it is true, wherein the adoption of *ten* as the minimum number is arbitrary; that is to say, the Legislature might as reasonably have adopted the number *nine* or the number *eleven* or even a larger or a smaller number. But this fact does not render the act arbitrary in a legal sense. It was essential to the practicability of the enactment that some fixed limitation be provided. Such limitation must be based upon a natural rather than an arbitrary reason. If the limitation adopted was a natural and reasonable one, it would be none the less so because some other limitation could have been adopted in lieu thereof.

It seems quite clear to us that the limitation adopted in this act was natural and reasonable and was in harmony

with the necessity of the situation. This provision of the act is manifestly based upon the assumption that the peril to the life and safety of guests is somewhat proportionate to the size of the hotel. We can not say that this is an unreasonable assumption. On the contrary, it impresses us otherwise. If a fire were to obtain in a hotel containing a thousand rooms occupied by guests, surely the problem of rescue confronting the public authorities in such case would be immensely more difficult than would be that presented by a like situation in a building containing only a few rooms and guests.

It is urged that it would have been more reasonable to have defined the limitation by stating the number of guests, rather than the number of rooms. If the act had adopted that method, it could have been attacked quite as persuasively with the suggestion that the number of rooms should be the criterion and not the number of guests. It seems clear to us that the number of rooms furnishes the more reasonable criterion because conditions are provided which must be complied with by the hotel keeper before he is permitted to receive guests at all. It is argued that ten sleeping rooms might mean ten guests or twenty guests or any larger number, according to circumstances. This, of course, is true as a possibility. The fact remains, however, that the number of sleeping rooms contained in a hotel does sustain a mathematical relation to the number of guests which it may accommodate. No criterion could have been adopted which was not capable of exceptional possibilities. The classification here complained of is one which has been adopted in many other states, notably Massachusetts, Minnesota, Missouri, Indiana and South Dakota, and it does not appear ever to have been condemned by any of the courts of those states.

It is also argued that this section is arbitrary because it is confined to those hotels which receive transient guests. It will be noted that this is simply a part of the definition

of a "hotel" within the meaning of the act. We can hardly conceive a hotel, as the term is ordinaily used, which does not receive transient guests. This is a distinctive feature of a hotel as commonly understood, regardless of the statutory definition. It is said, however, that a hotel might confine itself to permanent guests or boarders, and that in such case the statute would not be applicable, and that the act is therefore discriminatory. This is a strained argument. But granting the possibility of a hotel which confined its trade to permanent guests only, and received no transient guests, the classification even then would not be unnatural nor unreasonable. Surely permanent boarders have a better opportunity to acquaint themselves with their surroundings and with the opportunities and conveniences of escape in case of danger, and have better opportunities for making provision for their own safety, than would a transient guest, who comes as a stranger, and who enters his room without any knowledge of its surroundings, or of the most practicable methods of escape in case of an emergency.

II. It is next argued that the act in question confers upon the hotel inspector legislative powers. This contention is based upon certain general provisions contained in the statute which call for the exercise of judgment on the part of the hotel inspector. By its terms such act is not applicable to hotels of "approved fireproof construction." It is argued that this expression is not known to the trade, and therefore that it can mean nothing except that the hotel inspector may arbitrarily approve or disapprove a given hotel as being of "fireproof construction" or otherwise. The act also provides that "approved sanitary conditions" shall be maintained, and that cesspools and privies shall be properly cleaned and disinfected as often as necessary to maintain them in such sanitary condition. It is argued that the inspector may arbitrarily determine whether a hotel is thus maintained in a sanitary condition or not, and that the

2. SAME: delegation of legislative power.

statute contains no definition which will protect the hotel
keeper against such arbitrary conduct.   Other analogous
provisions of the act are presented to our attention which
provide opportunities, as is claimed, to the inspector to act
arbitrarily and oppressively.   It may be noted first that
these very provisions which are thus arrayed as fatal de-
fects in the law were manifestly intended to give the law
flexibility and to make it less technical and less onerous
to the hotel keeper.   The ultimate purpose and final object
of the law is clearly set forth.   This object may be attained
by the hotel keeper by the specific methods pointed out in
the statute, or by such other methods as the hotel keeper
may choose, provided he attain the result.   The fallacy in
the argument at this point is the assumption that the hotel
inspector may arbitrarily, in a given case, find the facts to be
otherwise than as they truly are.   The inspector is himself
amenable to the law and can proceed only under the law and
in accordance with the facts as they shall be.   The power of
the inspector in such a case has been set forth by the Supreme
Court of Massachusetts in this wise:   "The power to make
rules and regulations in the nature of subsidiary legislation
may be delegated by the Legislature to a local board or com-
mission; such rules being subject to be tested in the courts
to determine whether they reasonably are directed to the
accomplishment of the lawful purpose of the statute under
which they were made."   *Welch v. Swasey,* 193 Mass. 364
(79 N. E. 745, 118 Am. St. Rep. 523, 23 L. R. A. (N.
S.) 1160).

The act under consideration does not purport to con-
fer upon the inspector any arbitrary power.   It does require
him to determine in given cases whether a hotel is of "fire-
proof construction."   If "yea," it is an approved fireproof
construction within the meaning of the statute.   If "nay,"
then otherwise.   But this would not empower the inspector
to say arbitrarily that a given hoted was not of "fireproof
construction" when in truth it was of such fireproof con-

struction. Nor have we any doubt but that such an attempted act on the part of the inspector could be called in question by any aggrieved party by proper action in court. And the same may be said concerning the other analogous features of the act which we have already referred to.

III. It is urged by appellee that arbitrary power is conferred upon the inspector to declare a nuisance solely because of "offensive odors." It is argued that this reduced 3. SAME: hotels: the question of whether a hotel is maintaining sanitary regulation: a nuisance to the condition of the official enforcement. olfactories, and that, if the odor of onions should prove "offensive" to a hotel inspector, then a nuisance is created under the statute. The provision of the act which is thus criticised is as follows: "All hotels shall be kept and maintained in a clean and sanitary condition and free from any effluvia, gas or offensive odors arising from any sewer, drain, privy *or any other source whatever* within the control of the owner, manager, agent or person in charge thereof." The argument of appellee has quite ignored the qualifying provision which we have italicized. The odors referred to therein are clearly such as would create a nuisance under the law quite independent of this particular act. Under well-established rules of construction of statutes, the words "any other source whatever" have reference to a source of like kind with "sewer, drain, and privy."

IV. It is also argued that the act is void because it gives to the inspector the right of entry upon private property and the right of search without due process of law. 4. SAME: due process of law: The only right given under the act is such as is necessarily incident to all power of inspection. This complaint has special reference to section fifteen which provides as follows: "It shall be the duty of the inspector upon ascertaining, by inspection or otherwise, that any hotel is being carried on contrary to any of the provisions of this act to notify the manager, proprietor or owner in writing in what respect it fails to

comply with the law, and requiring such person within a reasonable time, to be fixed by the inspector, to do or cause to be done the things necessary to make it comply with the law." The power of the Legislature to provide for inspection of premises in the interest of public safety and the public health is so well established that we will not enter upon a discussion of it. The right of inspection is incidental to the police power, and counsel cite no case wherein it was ever held that the exercise of such power violates any constitutional right of the citizen.

V. Section sixteen of the act provides as follows: "Any owner, manager, agent or person in charge of a hotel who shall obstruct, hinder or interfere with an inspector or his deputy in the proper discharge of his duty, or who shall willfully fail or neglect to comply with any of the provisions of this act, or who shall fail to pay the proper fee for inspection shall be guilty of a misdemeanor and upon conviction thereof, be fined not exceeding one hundred ($100.00) dollars or imprisonment in the county jail not exceeding thirty days." It is said that under this section a mere failure on the part of the hotel keeper to pay the inspection fee is made a misdemeanor, and that this is so, even though he comply with every other requisite of the law, and that the effect of such provision is to subject the hotel keeper to imprisonment for failure to pay a debt. We think this contention must be sustained. That is to say, that part of section sixteen which makes a mere failure to pay the inspection fee a misdemeanor punishable by fine and imprisonment is clearly unconstitutional as being a violation of section 19, article 1, of the Constitution of this state, which forbids imprisonment for a debt. See *Chauvin v. Valiton,* 8 Mont. 451 (20 Pac. 658, 3 L. R. A. 194). It is also clear to us, however, that this provision is not essential to the integrity of the act as a whole, and that its elimination does not carry down with it the rest of the enactment. We do

5. SAME: imprisonment for debt.

not find that the act under consideration in any other re-
spect contravenes any provision of the Constitution either
of Iowa or of the United States. It is well settled that the
courts will not declare unconstitutional an enactment of
the Legislature unless it is clearly and palpably so. The
power of the courts to nullify the act of a co-ordinate branch
of the government is one of grave importance. Its exer-
cise has always been recognized by all the departments of
government as essential to the well-being of the body politic.
But the power is one which the courts exercise with great
caution and with the highest regard for the prerogatives of
the legislative department. With the wisdom, or the advis-
ability of the legislation, the courts have nothing to do.
That question must be argued before the legislative tribunal.
Its power of amendment or repeal is coextensive with its
power of enactment.

For the reasons indicated, the decree entered below
must be *reversed*.