[No. 8866.    Department Two.    September 10, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE McFARLAND, *Appellant*.[1]

CONSTITUTIONAL LAW—CLASS LEGISLATION — HOTELS—INSPECTION —CLASSIFICATION. Rem. & Bal. Code, §§ 6030-6049, providing for the inspection of inns, hotels, and public lodging houses having ten or more rooms does not provide an unreasonable classification and does not violate the constitutional prohibitions against class legislation, the deprivation of property without due process of law, the delegation of legislative powers, or the invasion of private rights.

CONSTITUTIONAL LAW—IMPRISONMENT FOR DEBT — HOTELS — PAYMENT OF INSPECTION FEE. Rem. & Bal. Code, § 6046, making it a misdemeanor, punishable by fine or imprisonment, for a hotel keeper to refuse to pay the annual fee for hotel inspection, violates Const., art. 1, § 17, forbidding imprisonment for debt.

STATUTES — PARTIAL INVALIDITY — EFFECT. The constitutionality of § 6146, Rem. & Bal. Code, providing imprisonment for failure to pay the hotel inspection fee, does not affect the validity of the balance of the act providing for the inspection of inns and hotels.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered April 15, 1910, upon a trial and conviction of refusing to pay a hotel inspection fee. Reversed.

*Percy Gardiner*, for appellant, contended, among other things, that the classification was arbitrary and unreasonable. *Bailey v. People*, 190 Ill. 28, 60 N. E. 98, 83 Am. St. 116, 54 L. R. A. 838; *Bacon v. Locke*, 42 Wash. 215, 83 Pac. 721; *State v. Ide*, 35 Wash. 576, 77 Pac. 961, 102 Am. St.

[1]Reported in 110 Pac. 792.

914, 67 L. R. A. 280; *Harding v. People*, 160 Ill. 459, 43 N.
E. 624, 52 Am. St. 344, 32 L. R. A. 445; *Cotting v. Kansas
City Stock Yards Co.*, 183 U. S. 79; *State v. Haun*, 61 Kan.
146, 59 Pac. 340, 47 L. R. A. 369; *Bonnett v. Vallier*, 136
Wis. 193, 116 N. W. 885, 128 Am. St. 1061, 17 L. R. A.
(N. S.) 486; *In re Eight-Hour Bill*, 21 Colo. 29, 39 Pac.
328; *Low v. Rees Printing Co.*, 41 Neb. 127, 59 N. W. 362,
43 Am. St. 670, 24 L. R. A. 702; *Frorer v. People*, 141 Ill.
171, 31 N. E. 395, 16 L. R. A. 492; *State v. Fire Creek Coal
& Coke Co.*, 33 W. Va. 188, 10 S. E. 288, 25 Am. St. 891,
6 L. R. A. 359; *In re Ah Fong*, 3 Sawyer (U. S.) 144, Fed.
Case No. 102, 13 Am. Law Reg. (N. S.), 761, 3 Am. Law
Rec. 403; *Connolly v. Union Sewer Pipe Co.*, 184 U. S. 540;
*Finders v. Bodle*, 58 Neb. 57, 78 N. W. 480. This regula-
tion of hotels is not a proper exercise of the police power.
*Lochner v. New York*, 198 U. S. 45; *Chicago v. Netcher*,
183 Ill. 104, 55 N. E. 707, 75 Am. St. 93, 48 L. R. A. 261;
*In re Jacobs*, 98 N. Y. 98, 50 Am. Rep. 636; *Spokane v.
Macho*, 51 Wash. 322, 98 Pac. 755; *Spellman v. New Orleans*,
45 Fed. 3.

*Ralph C. Bell* and *O. T. Webb*, for respondent.

CROW, J.—On April 1, 1910, the prosecuting attorney of
Snohomish county filed an information against the defendant,
George McFarland, which contained the following charge:

"That on or about the 3d day of March, 1910, in the
county of Snohomish, state of Washington, the above named
defendant, George McFarland, was the person in charge of
the certain hotel commonly known and designated as the
'Mitchell Hotel', in the city of Everett, county of Snohomish,
state of Washington; that said Mitchell Hotel then and there
was a hotel containing more than twenty (20) rooms and less
than one hundred (100) rooms for the accommodation of the
public, and was then and there used, maintained, advertised
and held out to the public to be an inn, hotel, public lodging
house, and place where sleeping accommodations were fur-
nished for hire to transient guests; that one W. L. Gritman

was then and there a duly appointed, qualified and acting
deputy inspector for the state of Washington; that said W.
L. Gritman, as such deputy inspector aforesaid, did then
and there proceed to make, and did make, an inspection of
said 'Mitchell Hotel' as provided by law; that said defendant
George McFarland, did then and there unlawfully neglect to
pay to said W. L. Gritman as such deputy hotel inspector
aforesaid, the fee provided by law for such inspection, con-
trary to the statute in such case made and provided, and
against the peace and dignity of the state of Washington."

A demurrer to the information being overruled, the de-
fendant was adjudged guilty of refusing to pay the legal
inspection fee, was punished by the imposition of a fine and
costs, was remanded to the custody of the sheriff for deten-
tion until payment, and has appealed to this court.

Appellant attacks the constitutionality of chapter 29,
Session Laws of 1909, page 43, entitled, "An Act relating to
hotels, inns and public lodging houses, creating the office of
state hotel inspector, and providing penalties for the viola-
tion thereof, and making an appropriation therefor;" the
same being §§ 6030 to 6049 inclusive, Rem. & Bal. Code.
He contends that the entire act is unconstitutional and void.
He insists that it makes an unreasonable, arbitrary and il-
legal classification of inns, lodging houses and hotels; that it
deprives him and other citizens of this state, of liberty and
property without due process of law; that it denies them the
equal protection of the law; that it delegates legislative
powers to an individual; that it is an invasion of private
affairs, and that it provides for imprisonment for debt.

Section 1 of the act defines hotels as follows:

"Every building or structure kept, used or maintained as,
or held out to the public to be an inn, hotel, or public lodg-
ing house or place where sleeping accommodations are fur-
nished for hire to transient guests, whether with or without
meals, in which ten (10) or more rooms are used for the
accommodation of such guests, shall for the purpose of this
act be defined to be a hotel, and whenever the word hotel shall
occur in this act it shall be construed to mean every such
structure as is described in this section."

Section 2 provides that every hotel more than two stories high shall be provided with certain halls, with iron fire escapes of specified size and construction, with ways of egress to such fire escapes, and also provides for the posting of notices calling attention to, and directing the way to, such fire escapes. Section 4 provides for the maintenance of certain fire protection. Section 10 provides for drainage, plumbing, and other sanitary protection. Section 12 creates the office of, and provides for the appointment of, an inspector of hotels, and fixes his salary. Section 13 authorizes the inspector to appoint deputies and prescribe their compensation. Section 17 reads as follows:

"Any owner, manager, agent or person in charge of a hotel who shall obstruct or hinder an inspector in the proper discharge of his duties under this act, *or who shall refuse or neglect to pay the fee for inspection prescribed herein shall be guilty of a misdemeanor,* and upon conviction thereof shall be fined not less than ten dollars ($10) nor more than one hundred ($100) dollars or shall be imprisoned in the county jail for not less than ten days, nor more than three months or both." (Rem. & Bal. Code, § 6046.)

Section 19 fixes inspection fees to be paid by the hotel keeper, as follows:

"Every hotel containing twenty (20) rooms or less, for the accommodation of the public, shall pay an annual inspection fee of five dollars ($5) when inspected under the provisions of this act, and every hotel containing more than twenty (20) and less than one hundred (100) rooms for the accommodation of the public shall pay an annual inspection fee of ten dollars ($10), and every hotel containing one hundred (100) rooms or more shall pay an annual inspection fee of twenty dollars ($20) when inspected under the terms of this act. Such fees shall be collected by the inspector at the time of inspection, and if not paid on demand the inspector or deputy may sue therefor in his own name for the use of the state, and in such case the court shall allow and enter as a part of the judgment against the defendant all the costs of such action, including a reasonable fee for any attorney necessarily employed in such action by the in-

spector. All moneys collected under the provisions of this act shall be paid into the state treasury in the manner provided by law."

The first question presented for our consideration is whether the definition and classification of hotels adopted for the purposes of this act, based upon the use of ten or more guest rooms, is arbitrary, unreasonable and invalid.

"Class legislation, often called local or private legislation, consists of those laws which are limited in their operation to certain individuals or corporations or to certain districts of the territory of the state. Although from its nature this species of legislation must cast extra burdens on some and relieve others from burdens, yet aside from state inhibitions it has been held to be constitutional when the line drawn between two persons or places is reasonable." 8 Cyc. 1051.

Unless all hotels, without regard to the number of rooms used for the accommodation of guests, whether one or one hundred or more, must be brought within the operation of the law to preserve its constitutionality and to avoid the charge of invalid class legislation, it is manifest that some classification must be adopted to distinguish them. If any such classification can be sustained, it rests entirely within the discretion of the legislature to determine and establish its basis, and its determination when expressed in statutory enactment cannot be questioned successfully, unless it is so manifestly arbitrary, unreasonable, inequitable, and unjust that it will cause an imposition of burdens upon one class to the exclusion of another without reasonable distinction. The legislature, within the limitations of an exercise of a reasonable discretion, is required to base its classification upon some practical consideration suggested by necessity. Any class created by legislative enactment and subjected to the operation of the law must be such as to embrace all persons or corporations in like circumstances or situation. The classification must be practical, reasonable and certain, not factitious, arbitrary, or unjust. To be constitutional it must be

predicated upon such a substantial distinction as suggests
needed legislation relative to one class as distinguished from
another.

In *Hubbell v. Higgins* (Iowa), 126 N. W. 914, the su-
preme court of Iowa, having under consideration a similar
statute pertaining to the inspection and regulation of hotels,
in an able opinion, which we adopt and follow, sustained the
entire act, with the single exception hereinafter mentioned.
Discussing class legislation, Evans, J., speaking for the
Iowa court, well said:

"Classification must be reasonable and based upon real
differences in the situation, conditions, and tendencies of
things. If there is no real difference between persons, oc-
cupations, or property, the state cannot make one in favor of
some persons over others.

"The true practical limitation of the legislative power to
classify is that the classification shall be upon some apparent
natural reason, some reason suggested by necessity, by such
a difference in the situation and circumstances of the sub-
jects placed in different classes as suggest the necessity or
propriety of different legislation with respect to them. *State
v. Garbroski*, 111 Iowa, 496, 82 N. W. 959, 56 L. R. A. 570,
82 Am. St. Rep. 524; *Bailey v. People*, 190 Ill. 28, 60 N. E.
98, 54 L. R. A. 838, 83 Am. St. Rep. 116; *State v. Cooley*,
56 Minn. 540, 58 N. W. 150; *State v. Mitchell*, 97 Me. 66,
53 Atl. 887, 94 Am. St. Rep. 481; *Nichols v. Walter*, 37
Minn. 264, 33 N. W. 800.

"Legislation which affects alike all persons similarly sit-
uated is not class legislation. *Sisson v. Board of Supervisors*,
128 Iowa, 464, 104 N. W. 454, 70 L. R. A. 440; *Barbier v.
Connolly*, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923;
*Hayes v. Missouri*, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed.
578.

"It is not denied but that some classification is desirable
and proper, and that some line of division may be reasonably
adopted as limiting the application of the law. Can it be
said that the line of division which is provided in the statute
is based upon a natural reason and one in harmony with the
necessities of the situation. There is a sense, it is true, where
the adoption of ten as the minimum number is arbitrary; that
is to say, the legislature might as reasonably have adopted

the number 9 or the number 11 or even a larger or a smaller number. But this fact does not render the act arbitrary in a legal sense. It was essential to the practicability of the enactment that some fixed limitation be provided. Such limitation must be based upon a natural rather than an arbitrary reason. If the limitation adopted was a natural and reasonable one, it would be none the less so because some other limitation could have been adopted in lieu thereof.

"It seems quite clear to us that the limitation adopted in this act was natural and reasonable and was in harmony with the necessity of the situation. This provision of the act is manifestly based upon the assumption that the peril to the life and safety of guests is somewhat proportionate to the size of the hotel. We cannot say that this is an unreasonable assumption. On the contrary, it impresses us otherwise. If a fire were to obtain in a hotel containing a thousand rooms occupied by guests, surely the problem of rescue confronting the public authorities in such a case would be immensely more difficult than would be that presented by a like situation in a building containing only a few rooms and guests."

Further discussion of the statute contained in the opinion and not here quoted may be profitably examined and considered. All constitutional objections which the appellant now makes are considered and determined by the Iowa court. Following their opinion, we hold that appellant's objections to the validity of our statute are without merit, save and except his single contention that section 17 by its provisions in effect subjects appellant to imprisonment for debt, in violation of section 17, article 1 of the state constitution. The legislature had authority to fix inspection fees, to provide for their payment, and to authorize their collection by the inspector in a civil action. In passing on section 16 of the Iowa statute, similar to section 17 of our act, the supreme court of Iowa in *Hubbell v. Higgins, supra,* said:

"It is said that under this section a mere failure on the part of the hotel keeper to pay the inspection fee is made a misdemeanor, and that this is so, even though he comply with every other requisite of the law, and that the effect of such provision is to subject the hotel keeper to imprisonment for

failure to pay a debt.  We think this contention must be sustained.  That is to say, that part of section 16 which makes a mere failure to pay the inspection fee a misdemeanor punishable by fine and imprisonment is clearly unconstitutional as being a violation of section 19, article 1, of the constitution of this state, which forbids imprisonment for a debt.  See *Chauvin v. Valiton*, 8 Mont. 451, 20 Pac. 658, 3 L. R. A. 194.  It is also clear to us, however, that this provision is not essential to the integrity of the act as a whole, and that its elimination does not carry down with it the rest of the enactment.  We do not find that the act under consideration in any other respect contravenes any provision of the constitution either of Iowa or of the United States."

An entire statute will not be held invalid by reason of a single unconstitutional provision which is not essential to its purposes and validity as a whole.  In this case the entire act, purged of the single invalid feature which provides for imprisonment for debt, can and must be sustained.  The only alleged criminal offense, with the commission of which the appellant has been charged, is that he did not pay the inspection fee.  He cannot be fined nor imprisoned for any such act, as it cannot be made a criminal offense.  The demurrer to the information should have been sustained.

The judgment is reversed, and the cause remanded with instructions to sustain the demurrer.

RUDKIN, C. J., MOUNT, and PARKER, JJ., concur.