14966

TOWN OF MARION v. BAXLEY

(5 S. E. (2d), 573)

June, 1939.

*Messrs. James C. Hooks* and *W. B. Norton,* for appellant,

*Messrs. S. H. Schoolfield* and *W. F. Stackhouse,* for respondent,

November 13, 1939.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The appellant, Lonnie Baxley, was tried by a jury and convicted in the Municipal Court of the Town of Marion, South Carolina, on a warrant duly issued, charging him with the violation of an ordinance of said town, whereupon he was sentenced by the Mayor to pay a fine of $4.75 or to suffer imprisonment for a period of thirty days. From the verdict of conviction and sentence he appealed to the Circuit Court, which appeal was heard and dismissed, and

the conviction and sentence thereby affirmed, by his Honor, Philip H. Stoll, Circuit Judge, by order dated June 29, 1939, which order will be incorporated in the report of the case. From this order the said Lonnie Baxley now appeals to this Court.

The charge made against the appellant, as set forth in the warrant and for which he was tried, convicted and sentenced, is to the effect that he failed and refused to pay the "sanitary tax" due and owing by him to the Town of Marion as required under the rules and regulations of the Board of Health of said Town, in violation of the ordinance of said Town of Marion. The charge so preferred was based upon a violation of Section 29 of the Rules and Regulations duly adopted by the Board of Health of the Town of Marion on November 6, 1925, and thereafter approved and duly adopted as an ordinance of the Town of Marion, said ordinance providing that a violation of any of said rules and regulations shall be punishable by a fine of not more than one hundred dollars or imprisonment for a period not exceeding thirty days. Section 29 of said Rules and Regulations reads thus:

"In addition to other taxes, every head of a family in the City of Marion having in use a sanitary closet or privy shall be liable for an annual sanitary tax of three dollars, the same to be due and collectible in equal monthly payments to City Clerk and Treasurer or to the City Sanitary Collector and Inspector; Provided, that the keeper of a boarding, lodging or rooming house shall be liable for an annual tax of six dollars, to be due and collectible in equal monthly installments; and Provided, further, that in case any person liable for such sanitary tax makes connections with the city sanitary sewer system, and ceases to use such sanitary closet or privy, shall notify the City Health Commissioner, who shall cause inspection to be made, and if he finds that such connection has been made and such use discontinued, he shall see to it that from and after the first of the month

following the date of such connection and such discontinuance of use, no more monthly installments shall be collected from said person notified."

There is no dispute as to the facts of the case, the uncontradicted evidence showing that the appellant was, at the time alleged, the head of a family residing in the Town of Marion, had upon his premises a sanitary toilet and had failed and refused to pay the "sanitary tax" in violation of the Rules and Regulations of the Board of Health and ordinances of the said Town. But the validity of said rules and regulations and the ordinance adopting the same is questioned. Upon the trial below, motions were made to quash the warrant and for direction of verdict in appellant's behalf, the grounds thereof, as well as the basis of his exceptions on appeal to the Circuit Court, being substantially the same as those contained in the nine exceptions now urged upon this Court for reversal of the Circuit Judge's order.

Exceptions 1, 3 and 4 contain no specific assignment of error, not conforming to the rules of the Court. These exceptions, therefore, will not be considered.

Exceptions 2, 5, 6, 7 and 8, which for convenience will be considered together, raise the main and important questions involved on this appeal. By these exceptions appellant attacks the validity of said regulation and ordinance, alleging error on the part of the Circuit Judge in not holding that the adoption and enforcement of such regulation is beyond the scope of the powers delegated to said Board of Health and Town of Marion by the Statutes and Constitution of the State, is unreasonable and in contravention of Sections 5, 6 and 24 of Art. 1, Sections 6 and 10 of Art. VIII and Section 5 of Art. X of the State Constitution of 1895.

The contention of appellant's counsel is seemingly based mainly upon the limitation of the powers delegated to municipalities to levy and collect an *ad*

*valorem* tax. That question is not here involved. Although the term "sanitary tax" is used in the phraseology of the regulation to designate the remuneratory charge imposed upon those permitted to maintain sanitary toilets upon their premises, the use of such term does not authorize the levy of a tax upon the property of such persons to collect the sum specified. The evident purpose of the regulation was to impose an inspection or service charge upon the designated class for the service rendered and privilege permitted. Hence, the constitutional requirement, Article VIII, Section 6, that taxes levied must be uniform in respect to persons and property has no application here.

By constitutional mandate, Article VIII, Section 10, the General Assembly is not only permitted but required "to create Boards of Health wherever they may be necessary, giving to them power and authority to make such regulations as shall protect the health of the community and abate nuisances". The General Assembly has accordingly provided for the creation of Boards of Health in every incorporated city and town of the State, granting unto such boards full power, and imposing upon them the duty, "to make and enforce all needful rules and regulations to prevent the introduction and spread of infectious and contagious diseases * * * and make all such other regulations as they shall deem necessary for the preservation of the public health". Code of Laws of South Carolina, 1932, Sections 5026, 5027, and 5028.

While the power to impose a remuneratory charge upon the citizens of the town for service rendered, privileges granted or permitted to be enjoyed, is not delegated to·Boards of Health in specific terms by legislative enactment, such power is not forbidden by the constitution or legislative Acts, but is reasonably to be inferred from the provisions of Article VIII, Section 10, and the Code sections above cited. The regulation applies to a designated class and is, therefore, not discriminatory. Neither is it op-

pressive nor unreasonable in terms. It is evident, therefore, that said regulation is valid and in its adoption said Board of Health acted within the scope of its delegated powers to protect and preserve the public health. *Kirk v. Board of Health,* 83 S. C., 372, 65 S. E., 387, 23 L. R. A. (N. S.), 1188; *Alston v. Board of Health,* 93 S. C., 553, 77 S. E., 727.

The question next to be considered is the validity ·of the ordinance adopting such regulation and providing for its enforcement by imposition of a penalty upon the violator, and under which appellant was prosecuted and convicted.

Appellant attacks the validity of this ordinance, basing his contention upon the ·same grounds urged against the validity of said regulation. As we have already held in this opinion, the principles governing the levy and collection of an *ad' valorem* tax are not applicable in this case. And to what is there said regarding the nature and purpose of the "sanitary tax" or charge imposed by the regulation, which applies equally to the ordinance, we would add that, under constitutional provision, Article VIII, Sec-6, and under its general police power granted by Section 7233 (below quoted), the Town of Marion is clothed with the power to impose license or privilege tax "graduated so as to secure a just imposition of such tax upon the classes subject thereto". *Hill v. City Council,* 59 S. C., 396, 38 S. E., 11.

Said regulation having been approved by Council of the Town of Marion, it became effective as an ordinance thereof and its provisions made subject to enforcement by the means and in like manner as any other ordinance of said town. Code of Laws of South Carolina 1932, Section 5036. But aside from the power vested in cities and towns by this section of the Code to adopt health regulations and enforce their terms by the imposition of penalties, ample power for such action is afforded them under Section 7233 of the Code 1932, which provides:

"The city councils and town councils of the cities and towns of the State shall, in addition to the powers conferred by their respective charters, have power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting * * * police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and towns, or for preserving health, peace, order and good government within the same * * * and * * * fix fines and penalties for the violation thereof, not exceeding one hundred dollars fine or thirty days imprisonment."

Appellant's counsel also earnestly contend that, even though the adoption of the ordinance was within the delegated powers of the town, its enforcement by a prison term would violate Article I, Section 24, of the Constitution, which forbids imprisonment for debt. When the tax imposed, or debt by whatever term designated, is valid, a provision in the ordinance for its enforcement by fine and imprisonment is entirely proper.

In adopting this ordinance the respondent acted within the scope of the powers delegated to it by the General Assembly, and its enforcement by fine or imprisonment is not violative of any of the constitutional provisions referred to, and the Court so holds.

By his ninth exception the appellant assigns error on the part of the Circuit Judge in not holding that the Mayor committed error in excluding certain testimony sought to be introduced upon the trial. Suffice it to say, an examination of the record reveals that the testimony which appellant's counsel endeavored to elicit from the respondent's witnesses was not only irrelevant to the issue being tried, but wholly immaterial. Appellant suffered no prejudice by the Mayor's ruling.

All exceptions are, therefore, overruled and the judgment of the Circuit Court is accordingly affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.