R. CLEIN, Plaintiff in Error, v. L. L. LEE, City Manager of the City of Miami, WILLIAM SYDOW, Director of Public Service of the City of Miami, and D. V. Godwin, Foreman of Shops and Waste Division of the City of Miami, Defendants in Error.

200 So. 693
Division B
Opinion Filed February 25, 1941

*A. C. Franks,* for Plaintiff in Error;

*Lewis Twyman* and *J. W. Watson, Jr.,* for Defendants in Error.

TERRELL, J.—This writ of error is to a final judgment dismissing a proceeding in mandamus. The proceeding was instituted by the plaintiff in error to require the City of Miami to remove his garbage from the premises, he being a resident of the city.

The record discloses that the City of Miami enacted Ordinance No. 2164 defining the term garbage and imposing a charge of four dollars per annum on each family for its removal. Plaintiff refused to pay the charge, the City refused to move the garbage so he brings this action to coerce performance on the theory that the public health of the city requires it to remove all garbage.

It is shown that the City was authorized to enact the ordinance, that it was regularly enacted, and that plaintiff had not complied with its terms. In our view, the trial court was correct in dismissing the cause. The charge is not shown to be unreasonable and it is shown that 30,000 families in the city had complied with it.

It is quite true that the ordinance was a police measure and that the City is charged with the duty of protecting the health and sanitation of its people but it cannot perform this and the other services it is called on to perform without means to do so. A charge of four dollars for the service is reasonable and since plaintiff refused to pay it, he has no ground for complaint.

A governmental entity can no more perform a public service without means to do so than the head of the family can increase gadgets to enlarge the convenience and comfort

of the home and office without means for the purpose. The means may be raised by a direct or some other species of tax, but it must be extracted from the people and should be spread to require all who enjoy the service to aid in bearing the burden. In a democracy like ours where all enjoy the fruit of good government, it is a false concept that any be relieved of its burden. To do so engenders a false view of social responsibility and a lack of loyalty and devotion that every citizen should have to the political devices that he looks to for comfort and protection.

Health and sanitation as a burden on government came as a result of scientific research and is quite as important as police protection but city fathers are possessed of no magic by which they can extract from the elements or some other intangible source the means to support new burdens as they arise. Certainly they must be undertaken but it is the duty of all to shoulder them. He who enjoys the benefit without participating in the burden does so at the expense of those who pay. He is thereby the member of a privileged class and out of step with the spirit of our institutions.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, J. J., concur.