168 So.2d 192 (1964)
Jack M. TURNER, Thomas N. Balikas, Fredrick N. Barad, Mattie Bell Davis, J. Carrington Gramling, Gerald Klein, Lloyd S. Marks, Thomas G. O'Connell, Celestino Ruberia, John H. Smith, Charles Snowden and Edwin Strickland, Judges of the Metropolitan Court in and For Dade County, Florida, Appellants,
v.
STATE of Florida ex rel. Franklin E. GRUVER, Appellee.
No. 64-348.
District Court of Appeal of Florida. Third District.
October 27, 1964.
Thomas Britton, County Atty., and Clyde Trammell, Jr., Asst. County Atty., for appellants.
Jay M. Lurie, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
The code of Metropolitan Dade County (hereinafter referred to as Metro), as an essential sanitation measure enacted under the police power, made provision for garbage and waste collection and disposal. §§ 15-1 to 15-33, Metro Code. The program was made applicable in certain unincorporated areas of the county, as to properties improved by residences or commercial establishments. § 15-23. Fees were established, and the amounts were based on the quantity of garbage or waste involved. § 15-24. Provision was made for residents to use the alternative of taking their garbage and waste to designated county dump areas, for disposition there at small cost. § 15-25. The Metro code does not classify the *193 charges as taxes, but as fees. The "waste fees" are made payable semi-annually by residents and are payable by commercial establishments annually, and monthly as they are billed for extra service charges. § 15-24.[1] A catch-all provision appearing as § 15-32 makes violation of any of the preceding 31 sections of the code a crime punishable by fine not to exceed $500, or imprisonment not exceeding 30 days, or both.
The appellee Franklin E. Gruver filed a suggestion of prohibition in the circuit court to prevent his prosecution in the Metro court for nonpayment of a fee imposed for garbage or waste collection from his property. Rule nisi in prohibition was issued, and later made absolute. The respondent Metro court appealed.
The question briefed and argued on the appeal was whether imprisonment of a property owner for failure to pay a debt imposed on him for garbage or waste collection was interdicted by § 16 of the Declaration of Rights of the Constitution of Florida, F.S.A., as being in violation of the guarantee against imprisonment for debt. The trial judge answered that question in the affirmative, and we agree.
Section 16 of the Declaration of Rights of Florida is as follows:
"Imprisonment for debt. No person shall be imprisoned for debt, except in cases of fraud."
In Holman v. Hollis, 94 Fla. 614, 114 So. 254, 255, it was said: "The accepted definition of `debt' is: `That which is due from one person to another, whether money, goods, or services; that which one person is bound to pay to another; a thing owed.'" In Black's Law Dictionary a debt is defined as "an obligation to pay a sum certain; or a sum which may be ascertained by simple mathematical calculation from known facts; regardless of whether the liability arises by contract or is implied or imposed by law."
The rule generally recognized is that taxes and excises including license fees are not debts within the meaning of a constitutional prohibition against imprisonment for debt. The obligation placed by the Metro code on landowners to pay a charge for garbage and waste collection and disposal is not a tax but is a charge imposed for a special service performed to the owner by the county, and as such it constitutes a debt within the guarantee of § 16 of the Declaration of Rights against imprisonment for debt. It was so held (as to hotel inspection service) in Hubbell v. Higgins, 148 Iowa 36, 126 N.W. 914, 918, and State v. McFarland, 60 Wash. 98, 110 P. 792, 794. In the first of those cases, in dealing with this proposition, the Iowa court said:
"Section 16 of the act provides as follows: `Any owner, manager, agent or person in charge of a hotel who shall obstruct, hinder or interfere with an inspector or his deputy in the proper discharge of his duty, or who shall willfully fail or neglect to comply with any of the provisions of this act, or who shall fail to pay the proper fee for inspection shall be guilty of a misdemeanor and upon conviction thereof, be fined not exceeding one hundred ($100.00) dollars or imprisonment in the county jail not exceeding thirty days.' It is said that under this section a mere failure on the part of the hotel keeper to pay the inspection fee is made a misdemeanor and that this is so, even though he comply with every other requisite of the law, and that the effect of such provision is to subject the hotel keeper to imprisonment for failure to pay a debt. We think this contention must be sustained. That is to *194 say, that part of section 16 which makes a mere failure to pay the inspection fee a misdemeanor punishable by fine and imprisonment is clearly unconstitutional as being a violation of section 19, article 1, of the Constitution of this state, which forbids imprisonment for a debt. See Chauvin v. Valiton, 8 Mont. 451, 20 Pac. 658, 3 L.R.A. 194. It is also clear to us, however, that this provision is not essential to the integrity of the act as a whole, and that its elimination does not carry down with it the rest of the enactment. * * *"
The Washington Supreme Court, in State v. McFarland, supra, followed the Iowa case and quoted therefrom as above with approval.
Several cases from other jurisdictions cited by the appellant as holding otherwise are not persuasive. See Geurin v. City of Little Rock, 203 Ark. 103, 155 S.W.2d 719; Ex parte Small, 1950, 92 Okla. Cr. 101, 221 P.2d 669; Town of Marion v. Baxley, 192 S.C. 112, 5 S.E.2d 573. The Arkansas case concerned a violation of a garbage and waste collection ordinance, but the particular provision violated was not shown. Also, the penalty there was a fine. Likewise, the Oklahoma case, although expressing a contrary view to Hubbell v. Higgins, supra, was one in which the penalty imposed for violation of the ordinance was a fine. The South Carolina case is contra, but simply states the holding without citing supporting authority.
Two Florida cases cited by the appellant are not considered controlling here. Clein v. Lee, 146 Fla. 306, 200 So. 693, where the City of Miami had imposed a flat annual fee of $4 on each family for garbage removal, did not involve the question of whether nonpayment of a fee could be a basis for imprisonment. It was held there that one who had not paid the garbage fee could not mandamus the city to render the service to him free. In State ex rel. Lanz v. Dowling, 92 Fla. 848, 110 So. 522, 525, the Supreme Court said that debts intended to be covered by § 16 of the Declaration of Rights were those arising ex contractu and not fines or penalties imposed as punishment for crimes. The debt involved in this case is considered to be more nearly in the ex contractu class than in the other categories referred to there. It is a charge for a special service such as ordinarily would be the basis of contract. The fee imposed, and which constitutes the debt, is not a crime, but the code purports to make its nonpayment a crime and punishable by imprisonment. Where a resident who may have complied with all other provisions of the waste program as it affects him or his property is simply in arrears in payment of fees, the declaration in the code that his nonpayment of the fee is a crime for which he is subject to imprisonment, amounts to a device under the penal laws to imprison him for debt. Thus in 16 C.J.S. Constitutional Law § 204(4), pp. 1010, 1011, it is said:
"* * * [T]he power to prescribe punishment in a criminal case may not be used to defeat the constitutional guaranty against imprisonment for debt; and the courts will not permit the purposes of such constitutional provision to be circumvented by mere form. Accordingly, statutes declaring the nonpayment of an obligation to be a crime must be examined in the light of the constitutional provision, and their validity is dependent on whether the legislative objective is consistent with the constitutional guaranty.
* * * * * *
"* * * Statutes or ordinances, designed as debt collecting devices under the guise of penal laws, contravene the constitutional prohibition against imprisonment for debt. * * *"
The writ of prohibition granted by the circuit court did not restrain the prosecution but only enjoined the confinement penalty. The writ was properly thus limited, *195 because § 15-32 of the code provides for a fine or imprisonment. Therefore, the Metro court would not be proceeding without jurisdiction or in excess of its jurisdiction in the event the prosecution led to a fine, but only if the prosecution should result in imprisonment for nonpayment of the fee, directly as expressly authorized in the code, or indirectly as an alternative to a fine imposed for nonpayment of a garbage or waste collection and disposal fee.
Accordingly, the judgment in prohibition is affirmed.
NOTES
[1] As a separate means for securing payment of such fees, the code makes provision that they shall constitute special assessment liens on the properties involved, enforceable as other liens and drawing interest for the period delinquent. § 15-28.