Mr. Noah C. McKinnon, Jr. Flagler County Attorney Post Office Drawer 787 Bunnell, Florida 32010
Dear Mr. McKinnon:
You have asked substantially the following questions:
 1. Are garbage collection fees special assessments which may be included on the ad valorem tax roll?
 2. Are garbage collection fees service charges which may be included on the ad valorem tax roll?
 3. May a county, by ordinance, collect garbage fees through the sale of tax certificates?
 4. May a county, by ordinance, characterize garbage fees as special assessments collectible pursuant to s. 197.363, F.S. (1988 Supp.)?
 5. May a garbage collection fee be a "non-ad valorem assessment" as defined in Ch. 88-130, Laws of Florida?
In sum, I am of the following opinion:
 Garbage collection fees would appear to be service charges which may not be placed on the ad valorem tax roll. As service charges, delinquent garbage fees may not be collected through the use of tax deeds or certificates and may not be collected pursuant to s. 197.363, F.S. (1988 Supp.), nor do they qualify as non-ad valorem assessments enforceable as a lien against property exempt under s. 4, Art. X, State Const.
You state that Flagler County currently franchises the collection of garbage, with the private franchisee charging the homeowner or business a fee approved by the county commission. The county wishes to enter an agreement with the franchisee for countywide collection of garbage based upon a flat fee. The county would then impose a charge for the collection upon the individual customer. You also state that the garbage collection fee is imposed only upon those residents and businesses wishing to use the service. The materials provided to this office do not show that Flagler County has created a municipal service benefit unit for the collection of garbage.
Special assessments, although not strictly a tax, are in the nature of a tax and are levied under the taxing power.[1] Thus, a county possesses no home rule powers to levy such special assessments,[2] and absent specific statutory authority therefor, special assessments may not be imposed by a county.[3]
You have not directed my attention to any statutory provision authorizing the county to generally impose special assessments for garbage collection,[4] nor have you advised this office that the county intends to create a municipal service taxing district pursuant to s. 125.01(1)(q), F.S., to provide garbage collection.[5]
A special assessment is a charge against property of some particular locality because that property derives a special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens.[6] Special assessments place a local or special charge on the land involved due to the land deriving a special benefit in addition to the general benefit to the public; such assessments, theoretically, are in proportion to the special benefit which the particular property receives.[7] To be contrasted with special assessments which constitute a peculiar form of taxation are service charges or user fees which are not considered to be a tax.[8] In distinguishing between an impact or connection fee to be imposed on new uses of a municipal sewer system and a special assessment, The Supreme Court of Florida in Contractors Builders Association v. City of Dunedin,[9]
stated:
 The fees in controversy here are not special assessments. They are charges for use of water and sewer facilities; the property owner who does not use the facilities does not pay the fee. Under no circumstances would the fees constitute a lien on realty.[10]
Moreover, at least one appellate court has considered the fees imposed for garbage collection to be service charges.[11] As the court in Turner v. State stated, "[t]he obligation placed . . . on landowners to pay a charge for garbage and waste collection and disposal is not a tax but is a charge imposed for a special service performed to the owner by the county. . . ."[12]
Accordingly, based upon the information supplied to this office, it appears that the fees imposed by the county are in the nature of service charges, not special assessments.
Section 197.363(4), F.S. (1988 Supp.), provides:
 The tax collector of a county may act as agent for the county in collecting service charges if the board of county commissioners of the county and the tax collector establish by agreement a manner in which service charges may be collected. The board of county commissioners shall compensate the tax collector for the actual cost of collecting such service charges. However, tax certificates and tax deeds may not be issued for nonpayment of service charges, and such charges shall not be included on a bill for ad valorem taxes. (e.s.)
Thus, there is a mechanism whereby service charges may be collected by the tax collector under an agreement with the county commission. The county commission, however, must compensate the tax collector for the service and neither tax certificates nor tax deeds may be issued for nonpayment of such service charges. Furthermore, the service charge may not be included on the bill for ad valorem taxes.
In light of the proscription in s. 197.363(4), F.S. (1988 Supp.), against service charges being placed on the tax bill, it is my opinion that such charges for garbage collection may not be placed on the tax roll. In s. 197.363(4), F.S. (1988 Supp.), the use of tax certificates and tax deeds is prohibited in the collection of service charges. Given this legislative prohibition, the county governing body would have no authority to enact a county ordinance making garbage collection service charges collectible through the sale of tax certificates.[13]
Section 197.363, F.S. (1988 Supp.), in pertinent part, provides that special assessments authorized by general or special law or the State Constitution may be collected as provided for ad valorem taxes under Ch. 197, F.S., if enumerated procedures are followed.[14]
As discussed above, however, the garbage collection fee is a service charge which may not be characterized as a special assessment collectible pursuant to s. 197.363, F.S. (1988 Supp.).
Section 197.3632(1)(d), F.S. (1988 Supp.), defines "[n]on-ad valorem assessment" as "only those assessments which are not based upon millage and which can become a lien against a homestead as permitted in s. 4, Art. X of the State Constitution." Section 4, Art. X, State Const., provides:
 (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead . . .
 (2) personal property to the value of one thousand dollars. . . . (e.s.)
Inasmuch as the garbage collection fee to be imposed by the county would appear to be a charge which is not based upon the assessed value of the property, but rather is based upon the service provided to the customer, it would qualify as a non-ad valorem charge.[15] This "non-ad valorem" characteristic, however, does not make the charge an assessment which may become a lien upon the property.[16]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, AGO 83-64 and authorities cited therein. And see, s. 9(a), Art. VII, State Const., providing in pertinent part that counties shall be authorized to levy ad valorem taxes and may be authorized by general law to levy other taxes for their respective purposes.
[2] See, e.g., AGO's 85-101, 82-9 and 80-97.
[3] Cf., AGO 84-48 and 82-9 stating that municipalities do not have the authority, absent specific authorization to impose special assessments.
[4] See generally, s. 125.01(1)(r), F.S., which, in part, authorizes the governing body of a county to "[l]evy and collect taxes, . . . and special assessments; . . . which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law." (e.s.) Cf., s. 125.01(1)(q)1., F.S.
[5] See, s. 125.01(1)(q), F.S., authorizing the governing body of a county to create a municipal service taxing unit for any part or all of the county within which may be provided, among other things, garbage and trash collection from funds derived from service charges, special assessments, or taxes within such unit only. And see, s. 125.01(1)(r), F.S. See also, AGO 84-52, concluding that these sections authorized Hendry County to establish a municipal service taxing unit for the purposes of providing drainage and to pay for the costs thereof by levying ad valorem taxes or special assessments.
[6] See, 48 Fla.Jur.2d Special Assessments s. 1.
[7] Id. s. 2.
[8] See generally, AGO 83-64; 71 Am.Jur.2d State and Local Taxation s. 11; 50 Fla.Jur.2d Taxation s. 1:13.
[9] 329 So.2d 314, 319 (Fla. 1976).
[10] Id. at 319.
[11] Turner v. State, 168 So.2d 192 (3 D.C.A.Fla., 1964). Cf., City of Plant City v. Mayo, 337 So.2d 966, 973 (Fla. 1976) (franchise fees are not taxes).
[12] Id. at 193.
[13] Cf., City of Miami Beach v. Rocio Corporation, 404 So.2d 1066
(3 D.C.A.Fla., 1981), pet. for rev. den., 408 So.2d 1092
(Fla. 1981) (local ordinances are inferior to state law and must fail when conflict arises).
[14] See, s. 197.363(1), F.S. (1988 Supp.), requiring: (1) a written agreement between the entity imposing the special assessment and the property appraiser providing for reimbursement of administrative costs; (2) a resolution authorizing use of this method adopted at a public hearing; (3) specified notice to affected property owners of the potential for loss of title under this collection method and the time and place of the public hearing; (4) that the property appraiser have listed on the assessment roll the special assessment for each affected parcel; (5) the dollar amount of the special assessment be included in the notice of proposed property taxes; and (6) the dollar amount of the special assessment be included in the tax notice issued pursuant to s. 197.322, F.S.
[15] Section 192.001(1), F.S., defines "[a]d valorem tax" as "a tax based upon the assessed value of property."
[16] Section 197.122, F.S. (1988 Supp.), provides that "[a]ll taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been