245 So.2d 80 (1971)
The STATE of Florida, the Miami Springs Apartment Owners and Managers Association, Leroy Wiener, and Robert Tenen, Appellants,
v.
CITY OF MIAMI SPRINGS, a Municipal Corporation of the State of Florida, Appellee.
No. 40556.
Supreme Court of Florida.
February 24, 1971.
Rehearing Denied March 22, 1971.
*81 Ray H. Pearson and Gerald F. Richman, of Frates, Floyd, Pearson & Stewart, Miami, and Richard E. Gerstein, State's Atty., for appellants.
Alfred R. Camner, of Feibelman, Friedman, Hyman & Britton, Fort Lauderdale, for appellee.
BOYD, Justice.
This matter comes to this Court as an appeal from a judgment of the Eleventh Judicial Circuit in and for Dade County, Florida, validating certain sewer revenue bonds of the City of Miami Springs.
On July 29, 1970, the City Council met pursuant to a legal notice published in the Miami News to conduct a public hearing as to proposed rates, fees and charges for users of a proposed sewerage disposal system to be constructed by the City of Miami Springs. The tentative rates were established by Resolution No. 2000 adopted on July 13, 1970, and were as follows: Single family  $7.00 per month (flat rate); other  $1.00 per 1,000 gallons of water used. Minimum rate for apartments and hotels  $7.00 per month per unit. Finally, the minutes at the hearing of July 29, 1970, reflect as follows: "Mayor Hurt inquired if there were any others wishing to be heard and no one responded."
The Council then adopted Ordinance No. 465 which among other things established rates for the users of the proposed sanitary sewerage collection system. The only change in the rates as previously tentatively adopted was an increase on the users other than single family homes from $1.00 per 1,000 gallons of water used to $2.00 per 1,000 gallons. No assessments for the construction of the improvements were levied against any of the property located in the City.
On August 10, 1970, the Council adopted Ordinance No. 466 which authorized the construction of a sewer disposal system, the issuance of sewer revenue bonds providing funds for paying the cost of the system, etc. The said Ordinance provided that the interest rate on the bonds to be issued thereunder should be at a rate or rates not in excess of 7 1/2% per annum.
On appeal to this Court appellants contend that the lower court erred in holding these sewer revenue bonds valid. Three grounds of invalidity are cited. First, appellants contend that the rates charged for sewer services to different classes of users are arbitrary and discriminatory in violation of due process and equal protection of the law. The basic objection here is that the sewer ordinance applies a flat rate, unrelated to use, to single family residences and a variable rate based on actual use to the classification "all other users," a classification which includes duplexes, apartments and motel units. The provision of Ordinance 465 in question is as follows:
"(a) Single family residences: $7.00 per month
"(b) All other users: $2.00 per month for each 1,000 gallons of water used in such month, with a minimum charge of $7.00 per month to duplexes, apartments, multiple family units, motels, and hotels per month for each dwelling unit whether occupied or not."
We do not find these classifications are unreasonable, arbitrary or in conflict with our State or Federal Constitutions or laws.
Appellants' second point is that the Council erred in adopting Ordinance No. 465 establishing sewer rates at the end of the meeting at which a public hearing was held. In support of this contention they cite Florida Statutes § 184.09(3), F.S.A. which provides in part as follows:
"No rates, fees or charges shall be fixed under the foregoing provisions of this section until after a public hearing at which all of the users of the sewage disposal system or systems and owners, tenants or occupants of property served or *82 to be served thereby and all others interested shall have an opportunity to be heard concerning the proposed rates, fees and charges. * * *"
Appellants contend that Florida Statutes § 184.09(3), F.S.A., requires that an Ordinance fixing rates be adopted after the meeting and that in the instant case this requirement was not met since the Ordinance was adopted at the same meeting. We do not construe § 184.09(3) to require the adoption of rates at a later and separate meeting. The Ordinance fixing rates can be enacted at any time after closing the public hearing, even at the same meeting, as was done here. The public hearing is held to permit the public to speak to the Council and to provide information and ideas useful to the Council. If a City Council does not feel the need for further delay, they may act at once after the hearing, as they did here.
Appellants' third contention is that Ordinance No. 466 fixes the maximum interest rate at "approximately" 7 1/2% and that this conflicts with the City Charter which fixes the maximum rate at 6 7/8%. Appellants also cite Florida Statutes § 169.021, F.S.A., which became law on December 17, 1969, providing as follows:
"Bonds, certificates, or other obligations of any type or character authorized and issued by counties, municipalities, towns, villages, districts, commissions, authorities, or any other public body or agency or political subdivision of the state may bear interest at a rate not to exceed seven and one-half percent (7 1/2%) per annum."
Appellants contend that it would have been necessary to have amended the City Charter by vote of the electors to adopt this provision of the general law before issuing bonds at a rate exceeding 6 7/8% per annum. We do not agree. The Miami Springs City Charter is a creature of the Florida Legislature. The limitation on interest to 6 7/8% was an amendment to the Charter enacted under the Home Rule provisions of the Metropolitan Government of Dade County.[1]
The Home Rule provision of the Florida Constitution of 1885 relating to the power of the Legislature to enact general laws relating to Dade County and the cities therein, contains the following language:[2]
"Nothing in this section shall limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties in the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida * * *."
The above-quoted provision was readopted in our present Constitution, Article VIII, § 6(e), F.S.A., as follows:

"Consolidation and home rule. Article VIII, Sections 9, 10, 11 and 24, of the Constitution of 1885, as amended, shall remain in full force and effect as to each county affected, as if this article had not been adopted, until that county shall expressly adopt a charter or home rule plan pursuant to this article. All provisions of the Metropolitan Dade County Home Rule Charter, heretofore or hereafter adopted by the electors of Dade County pursuant to Article VIII, Section 11, of the Constitution of 1885, as amended, shall be valid, and any amendments to such charter shall be valid; provided that the said provisions of such charter and the said amendments thereto are authorized under said Article VIII, Section 11, of the Constitution of 1885, as amended."
Because Florida Statutes § 169.021 related to all municipalities in Florida, it clearly complies with the above constitutional restriction requiring that legislation affecting any municipality in Dade County must also relate to at least one other municipality in Florida. This general law affects all *83 municipalities of the State. It is self-executing to the extent all municipalities, including the City of Miami Springs, may issue bonds, certificates, or other obligations of any type or character authorized by law bearing interest not exceeding 7 1/2% per annum without further amendment of its charter.
We have carefully considered the arguments, briefs, and laws relating to the issues in this cause. We find that the judgment of the Circuit Court validating the sewer revenue bonds of the City of Miami Springs is without error and that judgment is, accordingly affirmed.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS and DREW (Retired) JJ., concur.
NOTES
[1] Fla.Con. of 1885, Art. VIII, § 11.
[2] Id. at (6).