PER CURIAM.
Appellants seek review of an adverse judgment on the pleadings, entered by the trial court holding the appellee has the right to hold the owners of a building liable for waste fees assessed against commercial establishments located in their building. The action in the trial court sought a declaration of rights under § 14A-8, Code of the City of Miami Beach. The plaintiffs attached the following por *290 tions of the Code of the City of Miami Beach to their complaint:
“Sec. 14A-8. Liability for fees.
“In case of all buildings situated in all areas of the city, it shall be the responsibility and liability of the owner thereof to pay the proper service fee and to furnish the necessary number of garbage cans and trash containers for such building in accordance with the established need therefor as determined by the director of public works. A commercial establishment in the same building with a residential unit or with another commercial establishment, even though under the same ownership, shall not be considered a part of such residential unit or other commercial establishment, but shall be treated as a separate commercial establishment upon which a separate waste fee shall be due. The operator of a principal business on a premises shall be considered as the operator of any leased department conducted as a part of or along with the principal business for the purpose of fixing responsibility of paying the necessary service fee and furnishing the necessary garbage and trash containers. Stores, etc,, should paint their name and street number on their cans to prevent theft and use by others.
“The service fee required and imposed hereby is the sole responsibility of the owner, lessor or operator of the building, and nothing contained in this chapter is to be construed or interpreted so as to impose the responsibility and liability for the payment of the same upon the residential tenant or occupant of any hotel or apartment house. (Ord. No. 1621, § 1; Ord. No. 1691, § 1.)”
“Sec. 14A-9. Occupation of premises deemed evidence that garbage or trash is being produced.
“The fact that any place of abode or any place of business is occupied shall be prima facie evidence that garbage or trash is being produced and accumulated upon such premises, and that fees for the collection and disposal thereof are due the city. (Ord. No. 1621, § 1.)”
“Sec. 14A-10. When fees payable.
“The annual fees prescribed herein are payable in advance for one year beginning October first of each year. Fees for collections in excess of the maximum allowable for the annual fee and at the rates prescribed herein are payable quarterly and due when billed. Fees for new occupanices will be fixed on a prorata basis commencing on the date of issuance of certificate of occupancy or evidence of occupancy. No refunds will be made; provided, however, that the fee payable hereby for the period of January 1, 1967, to September 30, 1967, shall be in the amounts herein set forth and shall be payable upon billing by the city in accordance with administrative regulations to be promulgated by the city manager. (Ord. No. 1621, § 1; Ord. No. 1629, § 2.)”
Sec. 14A-11. Liens; penalty for delinquency in payment of fees.
“All service charges becoming due and payable on and after the effective date of this chapter 2 shall constitute, and are hereby imposed, as special assessment liens against the real property aforesaid, and, until fully paid and discharged, shall remain liens equally in rank and dignity with the city ad valorem taxes, and superior in rank and dignity to all other liens, encumbrances, titles and claims in, to or against the real property involved. Such service charges shall become delinquent if not fully paid within sixty days after due date. All delinquent service charges shall bear a penalty of one per cent per month from due date. Unpaid and delinquent service charges, together with all penalties imposed thereon, shall remain and constitute special assessment liens against the real property involved. Such special assessment *291 liens for service charges and penalties shall be enforced by any of the methods provided in chapter 86, Florida States, or, in the alternative, foreclosure proceedings may be instituted and prosecuted under the provisions of chapter 173, Florida Statutes, or the collection and enforcement of payment thereof may be accomplished by any other method authorized by law. (Ord. No. 1621, § 1; Ord. No. 1629, § 3.)”
"Sec. 14A-12. Schedule of fees for collection and disposal of garbage and trash.
"A. Residence (single-family) $19.00 per year
B. Duplex . 19.00 per year per unit
C. Apartments . 9.50 per year per dwelling unit
D. Hotels, rooming houses .. 9.50 per year per dwelling unit"
“2- Editor’s note. — -The ordinance from which this chapter derives became effective February 1, 1967.”
Upon this appeal, the appellants contend that the above portions of the Code are vague and ambiguous and therefore void. We do not agree. See: City of Miami v. Kayfetz, Fla.1957, 92 So.2d 798; Inman v. City of Miami, Fla.App.1967, 197 So.2d 50; Board of Public Instruction of Broward County v. Doran, Fla.1969, 224 So.2d 693; 23 Fla.Jur., Municipal Corporations, § 105. It is clear to us from reading the above portions of the Code in their entirety that although bills for waste services or fees may be addressed to one other than the owner of real property, the ultimate responsibility for payment of such fees or services would be upon the owner because, under Sec. 14A-11 above, the real property becomes liable for a special assessment lien for all delinquent amounts.
Therefore, we find that the final order here under review was properly entered and affirm same.
Affirmed.