294 So.2d 676 (1974)
PINELLAS APARTMENT ASSOCIATION, INC., et al., Appellants,
v.
CITY OF ST. PETERSBURG, a municipal corporation, and James T. Russell, State Attorney for Sixth Judicial Circuit, Appellees.
No. 73-763.
District Court of Appeal of Florida, Second District.
May 22, 1974.
*677 Hugh E. Reams, St. Petersburg, and William E. Allison, St. Petersburg, for appellants.
Carl R. Linn, Chief Asst. City Atty., St. Petersburg, for appellees.
GRIMES, Judge.
The appellants brought a class action attacking an ordinance of the City of St. Petersburg. The ordinance, which was passed on September 9, 1971, imposed increased rates for the city's garbage collection and disposal service. The complaint alleged that the ordinance established an unreasonable rate structure and discriminated among certain segments of the sanitation patrons. Following extensive discovery proceedings, the court entered summary judgment for the city.
The primary thrust of appellants' argument is directed to the charge imposed for the collection from bulk containers (dumpsters) as contrasted to the charge for collection from garbage cans. The record shows that the separate categories involved differences in the nature of the services provided and the types of equipment necessary to provide these services. However, there was some evidence to show that the users of bulk containers were being charged slightly more than the cost to the city for that type of collection, whereas the record reflects that the rate being charged to persons using garbage cans was somewhat less than the cost of collection from the cans.
With respect to the setting of utility rates by municipalities, 12 McQuillin, Municipal Corporations (3rd Ed. 1970), § 35.37b states:
"A municipality has the right to classify consumers under reasonable classifications based upon such factors as the cost of service, the purpose for which the service or the product is received, the quantity or the amount received, the different character of the service furnished, the time of its use or any other matter which presents a substantial difference as a ground of distinction. Accordingly, a lack of uniformity in the rate charged is not necessarily unlawful discrimination. The establishment of classifications and the charging of different rates for the several classes is not *678 unreasonable and does not violate the requirements of equality and uniformity. Discrimination to be unlawful must draw an unfair line or strike an unfair balance between those in like circumstances having equal rights and privileges. Discrimination with respect to rates charged does not vitiate unless it is arbitrary and without a reasonable fact basis or justification."
In State v. City of Miami Springs, Fla. 1971, 245 So.2d 80, the city had passed a sewer ordinance which charged a flat rate, unrelated to use, to single family residences and a variable rate based on actual use to all other users. The Supreme Court held that these classifications were not unreasonable, arbitrary or in conflict with the state or federal constitutions or laws.
The ordinance construed in 567 Island Corporation v. North Bay Village, Fla. App.3rd, 1970, 236 So.2d 467, imposed a garbage collection charge of $1.50 per month per unit for apartment house owners and $1.00 per month per unit for the owners of condominiums and co-operative apartments as well as single family residences. The plaintiffs contended the ordinance was invalid for charging more per unit for the service to apartment owners than was charged per unit for condominiums and co-operative apartments. The court said:
"On consideration of the record, briefs and arguments, we find no reversible error has been shown. The separate classification in this matter which was made by the legislative body of the defendant city was justified in law on the facts disclosed with reference to the types of structures involved as located in the defendant city and the differences in the garbage service requirements as related thereto... ."
In light of the evidence supporting the distinctions between the several categories of service, it appears that the classifications established by the City of St. Petersburg City Council were not arbitrary or capricious. There has been no attempt to show discrimination within a classification. The establishment of classifications in setting the charges for utility services is permissible so long as the classifications are not arbitrary, unreasonable or discriminatory and apply similarly to all under like conditions. See City of Naples v. Scatena, Fla.App.2d 1970, 240 So.2d 837. Some inequality in result is not enough to vitiate a legislative classification grounded on reason. Lasky v. State Farm Insurance Company, Fla. 1974, 296 So.2d 9, filed April 17, 1974.
Section 167.73(1), Fla. Stat., F.S.A., authorizes municipalities to make only reasonable charges for the collection of garbage. Appellants suggest that the issue of "reasonableness", just as in the case of "negligence", is rarely susceptible to summary determination. Normally, this would be so, but this record clearly shows that the charges established by the city in its ordinance were reasonable and well within the area of discretion which is accorded to municipalities in such matters. Needless to say, in establishing the charges the City Council could not be expected to make an exact forecast of the cost of providing a particular type of garbage collection. The setting of utility rates is often a complicated process and mathematical exactitude cannot be required. There does not have to be an exact correlation between the rates charged for various aspects of the service provided by the city. There is nothing inherently wrong with the city making a modest return on its utility operation or certain portions thereof, providing the rate is not unreasonable in light of the service provided. See 12 McQuillin, supra, § 35.37c.
The judgment is affirmed.
McNULTY, A.C.J., and BOARDMAN, J., concur.