348 So.2d 40 (1977)
Silas R. STONE and Charles R. Krisher, Appellants,
v.
TOWN OF MEXICO BEACH, Florida, Appellee.
Nos. EE-35, EE-124.
District Court of Appeal of Florida, First District.
June 29, 1977.
Rehearing Denied August 8, 1977.
*41 Cecil G. Costin, Jr., Port St. Joe, for appellants.
Thomas B. Ingles, Panama City, for appellee.
ERVIN, Judge.
Appeals were taken in these consolidated cases from final judgments sustaining the validity of certain sections of two ordinances adopted by the Town of Mexico Beach pertaining to the assessment of charges for garbage collection, the imposition of liens upon the appellants' real property for non-payment of the charges and attorneys' fees for enforcement of the liens. Both cases were brought by the town on complaints to enforce liens filed upon appellants' land for their failure to pay a fee for garbage service as required by Ordinance number 35 and Ordinance number 50. Answers were filed by appellants alleging, inter alia, that the town was without authority to collect the charges and to impose liens for failure to pay such charges.
On June 19, 1973, Mexico Beach adopted Ordinance number 35 establishing a garbage service and provided that the fee for garbage collection would be set by resolution. By resolution passed simultaneously, the residential rate for owners under the age of 65 years was set at $3.50 per month. Section 15 of the ordinance provided that all owners of businesses or residences would be liable for a garbage collection fee whether or not such owner uses the service. Section 13(d) of Ordinance 35 sets forth the penalty for late payment, including a provision for assessment of a lien on the owner's property.
Subsequent to the adoption of the ordinance and the resolution, Mexico Beach began collecting garbage and billed property owners for the town's charges. Appellant Stone, who owned a summer cottage in *42 Mexico Beach, occupied his cottage only during the summer months of 1974. His premises were not occupied during any other time of the year. Upon vacating the cottage at the end of the summer, Stone tendered an amount to the town clerk sufficient to pay for four months garbage service which he considered due as a result of his summer occupancy. Tender of payment was refused by the town clerk.
Appellant Krisher, a year-round resident of Mexico Beach, testified that he never had any trash or garbage for the town to collect; therefore he had never used the service which he refused to pay. On August 8, 1974, the town filed its claims of lien against both appellants' property. Finally on January 28, 1975, Ordinance number 50 was adopted, amending Section 13(d) of Ordinance number 35 to include the assessment of costs and attorney's fees incurred in the enforcement of liens impressed upon the owner's property for non-payment of the fees.
Subsequently the Town of Mexico Beach filed its complaint in the Circuit Court of Bay County, Florida, to foreclose the liens on the real property owned by both appellants for their failure to pay for garbage collection services allegedly rendered by the town between July 1, 1973 and July 1, 1974, pursuant to the ordinances of the town. The court upheld the validity of the pertinent sections of the ordinances, found there was due from Krisher the sum of $46.20 for garbage collection charges, and attorney's fee in the amount of $525.00, plus costs. The court also held that the sum of $34.65 for garbage collection charges was due from appellant Stone, and awarded the town's attorney a fee of $525.00, and costs. The court additionally imposed a lien upon the real property of both appellants for the amounts involved and ordered their properties to be sold in order to satisfy the liens.
Appellants attack the validity of the ordinances, arguing first that the ordinances do not distinguish between occupied and unoccupied premises, but charge a flat rate regardless of occupation and proof of any production of garbage. Hence they argue the ordinances are unreasonable in their application and contrary to constitutional standards. We find this argument to be without merit. The lower court properly analogized the imposition of fees for garbage collection with those of sewage disposal. In State v. City of Miami Springs, 245 So.2d 80 (Fla. 1971), the city passed a sewer ordinance which charged a flat rate, unrelated to use, to single family residences and a variable rate based on actual use to all other users. Our Supreme Court held that such classifications were not unreasonable, arbitrary or in conflict with the state or federal constitutions or laws. Thus if the City of Miami Springs may impose a charge of $7.00 per month for sewage disposal upon single family residences unrelated to use, we see here no constitutional infirmity in Mexico Beach imposing a flat rate, regardless of use, to fees charged for the collection and disposal of garbage.
Next appellants argue the Town of Mexico Beach does not have the legal authority to impose a lien on the property owned by appellants for nonpayment of garbage collection charges. This argument too is without merit. The exact point has previously been decided contrary to appellants' objections. Stein v. City of Miami Beach, 250 So.2d 289 (Fla. 3rd DCA 1971) upheld an ordinance of the City of Miami Beach which provided for the imposition of special assessment liens upon real property following nonpayment by the owners of such property for garbage fees.
Appellants' third point complains that the titles to ordinances 35 and 50 of the Town of Mexico Beach were not legally sufficient under Section 166.041(2), Florida Statutes (1975), added by Ch. 73-129, § 1, effective October 1, 1973, to authorize the imposition of a lien by the town on the real property of appellants as well as attorney's fees for the enforcement of such lien. The title to ordinance number 35, adopted on June 19, 1973, provides:
"AN ORDINANCE ESTABLISHING A GARBAGE UTILITY IN THE TOWN OF MEXICO BEACH PROVIDING DEFINITIONS OF CERTAIN TERMS *43 RELATING TO SAID GARBAGE UTILITY; PROHIBITING PRIVATE COLLECTION AND TRANSPORTATION OF GARBAGE; PROVIDING COLLECTION PRACTICES FOR SAID GARBAGE UTILITY; PROHIBITING CERTAIN ACTS WITH REGARD TO THE COLLECTION AND DISPOSAL OF GARBAGE; REQUIRING GARBAGE CANS TO BE EASILY ACCESSIBLE; PROHIBITING THE DEPOSITING OF GARBAGE OR TRASH UPON UNOCCUPIED PREMISES; PROHIBITING THE BURNING OF GARBAGE OR TRASH WITHOUT A PERMIT; PROVIDING FOR THE DISPOSAL OF BUILDING AND REMODELING REFUSE AND SPENT OILS OR GREASES; LIMITING THE ACCUMULATION OF GARBAGE OR TRASH; PROVIDING SERVICE CHARGES; PROVIDING PENALTIES FOR THE FAILURE TO PAY SERVICE CHARGES."
The title to ordinance number 50, adopted June 28, 1975, merely added the words, "AN ORDINANCE AMENDING ORDINANCE 35", and then repeated in toto the words from the title to Ordinance number 35. While there is nothing in the title to either ordinance which specifically refers to the imposition of a lien upon an owner's real property following the refusal of the owner to pay service charges, still we believe the title sufficiently apprises the public of the subject involved. Florida decisions have repeatedly stated that statutes will be upheld against constitutional attacks alleging title defects unless there are plain and substantial violations of organic constitutional requirements. E.g., King Kole Inc. v. Bryant, 178 So.2d 2 (Fla. 1965); Farabee v. Board of Trustees, Lee County Law Lib., 254 So.2d 1 (Fla. 1971); City of Naples v. Moon, 269 So.2d 355 (Fla. 1972). As stated in the Bryant decision, "The title is sufficient if it fairly gives such notice as will reasonably lead to inquiry into the body thereof." (178 So.2d at 4) Here the title of the ordinances referred to service charges and provided for penalties upon the failure to pay such charges. We believe that a protesting property holder was sufficiently placed on notice by the use of such words to read further, and if he failed to do so, he acted at his own peril upon his refusal to pay the charges.
We agree, however, that the court erred in sustaining the assessment of attorney's fees in favor of the town. It was only after the liens had been filed that the town amended Ordinance 35 to include the requirement that the owner be responsible for the payment of attorney's fees incurred in any action brought by the town to foreclose such liens. True, a retrospective statute pertaining to civil matters is not per se unconstitutional. Charlotte H. & N.R. Co. v. Welles, 78 Fla. 227, 82 So. 770 (1919); Board of Com'rs. v. Forbes Pioneer Boat Line, 80 Fla. 252, 86 So. 199 (1920). Such a statute may be held invalid if it impairs the obligation of contracts or vested rights. State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739 (1924); Summer v. Mitchell, 29 Fla. 179, 10 So. 562 (1892). Retrospective legislation may also be invalidated when a new obligation or duty is imposed or an additional disability is established in connection with previous transactions. McCord v. Smith, 43 So.2d 704 (Fla. 1949).
We do not find it necessary to pass upon the constitutionality of Ordinance 50, which provided the "amendment shall apply to all lien foreclosure or lien enforcement proceedings filed after the effective date of this ordinance." While the town did not file suits to foreclose the liens until after Ordinance 35 had been amended, there was nothing in the ordinance clearly expressing the town's intention to impose its attorney's fees upon property holders in actions to enforce liens which had been previously filed but not yet sought to be foreclosed.
It is a long standing rule of statutory construction that a statute operates prospectively unless the intent that it operate retrospectively is clearly expressed. State ex rel Riverside Bank v. Green, 101 So.2d 805 (Fla. 1958); Springer v. Colburn, 162 So.2d 513 (Fla. 1964).
It appears from the amended ordinance itself that there was no clear and *44 unambiguous intention expressed by the town that attorney's fees be applied retroactively to liens previously filed since the amendment provides that if a lien is filed against the property of one refusing to pay a fee, "... the owner shall be responsible for all attorney's fees... ." (Emphasis supplied.) Such language, consistent with appropriate rules of construction, can only be given prospective effect.
Moreover, an award of attorney's fees "is in derogation of common law and ... acts for that purpose should be construed strictly." Great American Indemnity Company v. Williams, 85 So.2d 619, 623 (Fla. 1956). Compare Oakdale Park, Ltd. v. Byrd and Harrell, 346 So.2d 648 (Fla. 1st DCA 1977), where we held that before a party may recover costs and attorney's fees in an action to foreclose a mechanic's lien, the parties to a contract must strictly follow the terms of the contract calling first for arbitration.
Accordingly those portions of the final judgments assessing attorney's fees in favor of the town are reversed. In all other respects the judgments are affirmed.
MILLS, Acting C.J., and SMITH, J., concur.