MELVIN, Judge,
concurring in part and dissenting in part.
I respectfully note my dissent as to one segment of the opinion now adopted. The ordinance, in my opinion, does not discriminate against, or subject to uneven tax consideration, those within the same classification. The majority holds it to be constitutionally permissible for the City to levy the *311 same garbage and trash collection rates on condominium units as are levied for similar service to units of house residents. With this I agree, because whether the service is rendered to 55 families under one roof (condominium) or to 55 families each under a separate roof, there is no discrimination as to rates applied when measured by the service rendered.
The ordinances equate in an evenhanded way to businesses, and that is a proper and distinct classification. In my view, logic does not permit equating the flat charge for garbage and trash service as to one place of business to that of collecting from one dumpster the garbage from 55 separate families living in one condominium.[1]
The judgment here reviewed arrived at this forum clothed with the presumption of correctness. In my judgment, it is still graced with that garment.

. Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977).