384 So.2d 1272 (1980)
CITY OF NEW SMYRNA BEACH, Petitioner,
v.
William J. FISH, Individually, and As Representative of a Class Consisting of Condominum Unit Owners within the City of New Smyrna Beach, Florida, Respondents.
No. 57043.
Supreme Court of Florida.
July 17, 1980.
*1273 C. Allen Watts of Watts & Biernacki, DeLand, for petitioner.
John F. Bolt, New Smyrna Beach, for respondents.
ADKINS, Justice.
This is a petition for writ of certiorari seeking review of a decision of the First District Court of Appeal holding that Ordinances 40-76 and 45-75 of the City of New Smyrna Beach are unconstitutional. The court certified that its decision passes upon a question of great public interest. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
Prior to October of 1975 the City of New Smyrna Beach provided garbage and trash collection services to residential units and business establishments in accordance with City Ordinance 907. Single-family residences, duplexes, and multi-family dwellings containing up to six units per building were charged $3.50 per month per unit for semi-weekly garbage collection and weekly collection of uncontainerized trash. All other multi-family dwellings, including apartments and condominiums were classified as business establishments and paid charges based on number and size of containers provided by the city, and the frequency of pickup. All garbage for apartments and condominiums, as well as businesses, were deposited in bulk containers or "dumpsters."
In October of 1975 the City passed Ordinance 45-75, amending Ordinance 907. The ordinance increased charges to both residential and business customers and reclassified the types of residential units that service was provided to. The fee for single-family residences and duplexes was increased to $4.00 per unit. Condominiums, multi-family dwellings and mobile homes in mobile home parks were now charged $2.50 per month per unit for garbage collection only. Trash collection would be provided on request of the management office and be paid for in accordance with Section 13-25 of the City Code of Ordinances.
In December of 1976 Ordinance 40-76 was passed amending Ordinance 45-75. As the City was running a deficit for the collection of garbage and trash, it was resolved that all dwelling units would be served on an equal schedule and be billed equally. All units were charged $2.50 per month for semi-weekly garbage collection and $1.50 per month for weekly collection of uncontained trash.
On May 26, 1977, the respondent (plaintiff below) filed a class action suit on behalf of the condominium unit owners of the City. He sought declaratory relief concerning the validity of garbage and trash collection rates established by Ordinance 40-76, and reimbursement of overcharges based upon the allegedly arbitrary and discriminatory rates established by Ordinances 40-76, and 45-75. The trial court found that, (1) the classification by the City of condominium units as "residential" was reasonable, *1274 and not arbitrary or capricious; (2) the rates for garbage and trash collection were uniform within the residential class, were neither arbitrary nor discriminatory, nor did they deny the members of the class equal protection of the law; and (3) the imposition of a flat rate for garbage and trash collection for all residential units was constitutional.
The First District Court of Appeal held that "ordinance 40-76 imposes on condominium residents, garbage collection fees which are disproportionately higher than the fees charged for the same [bulk] service, rendered at the same cost, to businesses. These ordinances are unconstitutional in their preferential treatment of businesses as contrasted with condominiums, but not otherwise." Fish v. City of New Smyrna Beach, 382 So.2d 307, 310 (Fla. 1st DCA 1979).
The issues presented are whether the City's classifications and charges discriminate unconstitutionally against condominium residents and in favor of business users and residents of single family dwellings; and whether the respondents are entitled to a refund.
Judge Melvin in an opinion concurring in part and dissenting in part, wrote:
The ordinance, in my opinion, does not discriminate against, or subject to uneven tax consideration, those within the same classification. The majority holds it to be constitutionally permissible for the City to levy the same garbage and trash collection rates on condominium units as are levied for similar service to units of house residents. With this I agree, because whether the service is rendered to 55 families under one roof (condominium) or to 55 families each under a separate roof, there is no discrimination as to rates applied when measured by the service rendered.
The ordinances equate in an evenhanded way to businesses, and that is a proper and distinct classification. In my view, logic does not permit equating the flat charge for garbage and trash service as to one place of business to that of collecting from one dumpster the garbage from 55 separate families living in one condominium. [Footnote omitted.]
382 So.2d at 310-11.
We agree with Judge Melvin. We perceive no constitutional infirmity. When all factors are considered, we find that the ordinances and the rates charged, are neither arbitrary, unreasonable, nor discriminatory.
Section 180.13(2), Florida Statutes (1977) reads in part as follows:
The city council, or other legislative body of the municipality, by whatever name known, may establish just and equitable rates or charges to be paid to the municipality for the use of the utility by each person, firm or corporation whose premises are served thereby.
With respect to utility rates set by municipalities:
A municipality has the right to classify consumers under reasonable classifications based upon such factors as the cost of service, the purpose for which the service or the product is received, the quantity or the amount received, the different character of the service furnished, the time of its use or any other matter which presents a substantial difference as a ground of distinction. Accordingly, a lack of uniformity in the rate charged is not necessarily unlawful discrimination. The establishment of classifications and the charging of different rates for the several classes is not unreasonable and does not violate the requirements of equality and uniformity. Discrimination to be unlawful must draw an unfair line or strike an unfair balance between those in like circumstances having equal rights and privileges. Discrimination with respect to rates charged does not vitiate unless it is arbitrary and without a reasonable fact basis or justification.
*1275 12 McQuillin, Municipal Corporations (3d Ed. 1970), § 35.37(b); quoted with approval in Pinellas Apartment Association, Inc. v. City of St. Petersburg, 294 So.2d 676 (Fla. 2d DCA 1974).
In determining reasonable rate relationships, a municipality may sometimes take into account the purpose for which a customer receives the service. .. . Courts have recognized that differences in sewer use rates for residential customers and various other customers may be reasonable. Some customers may be subject to a flat rate while other customers are subject to rates based on water consumption or type and number of receptacles. Rutherford v. City of Omaha, 183 Neb. 398, 160 N.W.2d 223, 228 (1968) (authorities omitted).
Contractors and Builders Association v. City of Dunedin, 329 So.2d 314, 320 (Fla. 1976).
In State v. City of Miami Springs, 245 So.2d 80 (Fla. 1971), appellants contended that the rates charged for sewer services to different classes of users were arbitrary and discriminatory. Single family residences were charged a flat fee of $7.00 per month while all other users were charged a variable rate based on actual use, with a minimum charge of $7.00 per month. This Court held that these classifications were not unreasonable or arbitrary or in conflict with the state or federal constitutions or laws. 245 So.2d at 81.
In Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977), appellants refused to pay the $3.50 monthly fee for garbage collection. The first occupied his home only four months of the year and refused to tender payment for the other eight months; the second, a year-round resident, testified that he never had any garbage for the town to collect, and refused to pay. The court held that there was "no constitutional infirmity in Mexico Beach imposing a flat rate, regardless of use, to fees charged for the collection and disposal of garbage." 348 So.2d at 42.
In Charlotte County v. Fiske, 350 So.2d 578 (Fla. 2d DCA 1977), after an area of the county became inundated with garbage the county charged a $51.00 annual "special assessment" to each residential unit owner in the sanitation district for a mandatory garbage disposal system. Commercial property owners were not assessed, but were required by the ordinance to contract for collection service with the franchised disposal company or obtain a permit to haul their own garbage. Recognizing there was a widely varied production of garbage among commercial units, the court held that the ordinance was not clearly shown to be arbitrary, oppressive, discriminatory or without basis in reason. 350 So.2d at 580.
In the instant case, the First District Court of Appeal stated:
[Plaintiff] contends that condominium residents receive significantly less garbage and trash collection service than house residents and that the City unlawfully charges them the same fees. That position is not substantiated by this record. Admittedly, there is no separate collection of uncontained "trash" at condominiums, and each condominium residence pays $1.50 monthly for that service. It appears also that the time and labor required to empty a single six-yard container, serving 55 condominium families at Coronado Cove, is demonstrably less than the time and labor necessary to handle numerous garbage cans at the curbside of 55 single family residences in New Smyrna neighborhoods. Yet there are significant countervailing factors: individual homeowners must supply their own garbage cans, carry them to the curb and back, and wash, maintain, and replace their garbage cans; whereas the dumpsters used by condominiums and businesses are provided by the City, at a cost to the City of several hundred dollars each, and the City washes and disinfects the containers at each pickup. This record does not permit quantification of the similarities and differences in the cost of garbage collection from the dumpsters *1276 used by a given number of condominium units and the multiple cans used by an equivalent number of houses.
382 So.2d at 310.
We agree with the district court that it is impossible to quantify the similarities and differences in the cost of garbage collection from the different classes of residential owners. Nevertheless, we also recognize that there are dissimilarities between the services provided not only to multi-unit residences and business customers, but that there are also different classifications of business customers.
As the garbage output produced by a condominium unit and a single-family residence may be uniform, and not vary to a large degree, a flat fee is both just and equitable. Unlike residential customers, business customers' garbage varies by type and quantity. A restaurant; an office; a supermarket; a manufacturing or industrial concern; each produces a different type as well as a different quantity of garbage. When these variables are taken into account, it becomes difficult to set a flat fee for all business customers. The City points out, and we recognize that if a business doubles its garbage output, its rates will increase; however, if a condominium doubles its garbage output, the City will either provide another dumpster, or make more frequent collections, without additional charge.
We conclude that the ordinances enacted by the City of New Smyrna Beach are not unconstitutional as the rates charged are just and equitable. The establishment of different classifications and the charging of different rates for each class is not unreasonable or discriminatory. We find that by classifying its customers as residential or business customers, there is no discrimination within each class.
The City's classifications are both valid and reasonable, and are based upon legitimate distinctions between the classes. There is a presumption that legislative determinations or findings of fact are correct and should not be voided absent a clear showing that they are arbitrary, oppressive, discriminatory or without basis in reason or justification. Charlotte County, 350 So.2d at 580. No such showing was made here.
Finding the ordinances to be constitutional, it is unnecessary to pass upon plaintiff's entitlement to a refund.
The decision of the First District Court of Appeal is quashed, and the cause is remanded with instructions to affirm the judgment of the trial court.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., dissents.