## BOARD OF TRUSTEES OF CITY OF BOCA RATON, et al. v. CITY OF BOCA RATON
### Case No. 82-155
Fifteenth Judicial Circuit, Palm Beach County
May 20, 1982

Myles Cypen, for plaintiff.

M.A. Galbraith, Jr., for defendant.

VAUGHN RUDNICK, Circuit Judge

THIS CAUSE came on for hearing on the Motion for Summary Judgment of the Defendant, CITY OF BOCA RATON, and the Motion for Summary Judgment of the Plaintiff herein. Both the Plaintiff and the Defendant agree that this cause is ripe for disposition on this Motion for Summary Judgment. Upon consideration of the arguments and affidavits filed herein, this Court finds:

1. The CITY OF BOCA RATON has established a pension system for its police officers and firefighters, and the Plaintiff is charged with

the administration and management of the system. The powers and duties of the Plaintiff are set forth in Section 17-36 and 17-37, Boca Raton Code of Ordinances.

2. Until October 13, 1981, Section 17-36(k)(8), Boca Raton Code of Ordinances, read as follows:

Section 17-36.   Administration.

(k) The duties and responsibilities of the Board of Trustees shall include the following:

(8) To approve of any and all changes in the provisions of the system.

3. Also, Section 17-37(7), Boca Raton Code of Ordinances, read as follows prior to October 13, 1981:

Section 17-37.   Finances and Fund Management.

Establishment and operation of fund.

(7) No change in any of the administrative provisions of the system shall be made without the approval of a majority of the board of trustees.

4. On October 13, 1981, the City Council of Boca Raton adopted Ordinance 3022, amending Section 17-36(k)(8) to read:

Section 17-36.   Administration.

(k) The duties and responsibilities of the board of trustees shall include the following:

(8) To review ordinances proposing changes to the provisions of the system referred to the board by the city council, and recommend to the city council the action to be taken on each ordinance which the board finds necessary or advisable. Any ordinance proposing a change to the provisions of the plan shall be referred to the board upon introduction and first reading, and the public hearing shall be scheduled to occur not earlier than sixty days after introduction and first reading in order to give the board opportunity to review the ordinance and submit its recommendations to the city council.

5. Also, Ordinance 3022 amended Section 17-37(7) to read:

Section 17-37.   Finances and Fund Management.

Establishment and operation of fund.

(7) No change in any of the administrative rules and procedures established by the board shall be made without the approval of a majority of the board of trustees.

6. During the City Council meeting on October 13, 1981, the City Council adopted Ordinance 3021, which made identical changes to other sections of the Code of Ordinances pertaining to the General Employees' Pension Plan.

7. The public hearings on Ordinance 3021 and Ordinance 3022 were combined. The titles of both ordinances were read aloud by the City Clerk at the commencement of the combined public hearing. At the conclusion of the public hearing, separate roll call votes were taken on each ordinance, and each ordinance obtained the requisite number of affirmative votes for adoption.

The Plaintiff maintains that Ordinance 3022 is invalid for several reasons, but primarily because the ordinance itself was not "approved" by the Plaintiff prior to its adoption by the City Council. Additionally, the Plaintiff alleges that the ordinance is invalid because the title fails to give adequate notice of the contents of the ordinance, and because the public hearing on the ordinance was combined with a public hearing on Ordinance 3021. Finally, the complaint alleges that the City Council minutes of October 13, 1981, do not "affirmatively reflect" that the title of Ordinance 3022 was read prior to adoption of the ordinance; however, this allegation was orally withdrawn by the Plaintiff at the hearing on the Motion for Summary Judgment.

The Plaintiff seeks the equity powers of this Court to declare Ordinance 3022 invalid or otherwise to declare Plaintiff's rights, status and relations under the pension system with respect to any and all changes thereto.

For the reasons set forth below, this Court declines to declare Ordinance 3022 invalid:

1. The word "approve" as used in Section 17-36(k)(8), Boca Raton Code of Ordinances, before its amendment by Ordinance 3022, could not have had the meaning urged by the Plaintiff. If it did, the Plaintiff would have been vested with the power to bar the adoption of an ordinance by the City Council, which is tantamount to the power of the veto. The City Charter of Boca Raton vests no officer and no board with the veto power, and the Boca Raton City Council cannot vest a similar power in any of its boards without violating the long-standing doctrine that the legislative body of a city cannot delegate its function to legislate. *State ex rel. Taylor v. City of Tallahassee,* 177 So. 719 (Fla. 1937); *City of Miami Beach v. Fleetwood Hotel, Inc.,* 261 So.2d 801 (Fla. 1972). The Plaintiff draws its powers from an ordinance of the

City, not from the City Charter or any act of the State Legislature. To allow the Plaintiff to bar the adoption of an ordinance by the City Council would be unreasonable because, "The creature . . . would be vested with more authority than its creator." *Maher v. City of New Orleans,* 222 So.2d 608, at 613 (La. 4th Cir. Ct. App. 1969), *aff'd,* 235 So.2d 402 (La. 1970). *Cf., Florida Sheriffs Association v. Dept. of Admin. Div. of Retirement; Florida Police Benevolent Assn. v. Dept. of Admin. Div. of Retirement,* 408 So.2d 1033 (Fla. 1982). The effect of Ordinance 3022 is to vest the Plaintiff with the right to review proposed ordinances relating to the pension system and to make recommendations to the City Council on such proposed ordinances. Because this is the greatest power which the Plaintiff could lawfully claim prior to the adoption of Ordinance 3022, Ordinance 3022 is not invalid for want of "approval" by the Plaintiff.

2. The title of Ordinance 3022 clearly puts the Plaintiff and other members of the public on notice that the City Council was proposing to do something to the powers of the Plaintiff relating to changes in the provisions of the pension plan and changes in the administrative rules of the Plaintiff. The title of an ordinance is not required to restate the contents of the ordinance, but must give such notice to the public as will reasonably lead to inquiry into the body of the ordinance by interested members of the public. *Stone v. Town of Mexico Beach,* 348 So.2d 40 (Fla. 1st DCA 1977), *cert. denied,* 355 So.2d 517 (Fla. 1978). The title of Ordinance 3022 meets that test.

3. Combining the public hearing on Ordinance 3022 with the public hearing on Ordinance 3021, which adopted identical changes to the duties and responsibilities of the Board of Trustees of the General Employees' Pension Plan, did not deprive the Plaintiff or any other member of the public of the right to appear and be heard by the City Council, and did not render invalid the adoption of Ordinance 3022.

4. There is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law.

It is ORDERED AND ADJUDGED that:

1. The Motion of Summary Judgment of the Defendant, CITY OF BOCA RATON, is hereby GRANTED; the Plaintiff shall take nothing by its suit, and the Defendant shall go hence without day.

2. The Motion for Summary Judgment of the Plaintiff, BOARD OF TRUSTEES OF THE CITY OF BOCA RATON POLICE AND FIREFIGHTERS RETIREMENT SYSTEM, is DENIED.

3. The Defendant shall recover its costs to be assessed against the Plaintiff on a motion duly made by the Defendant, for which the Court reserves jurisdiction.