Mr. Gerald T. Buhr Zolfo Springs Town Attorney Post Office Box 1647 Lutz, Florida 33549
Dear Mr. Buhr:
On behalf of the Town of Zolfo Springs, you ask substantially the following question:
May a municipality, subject to the limitations of section 180.135, Florida Statutes, grant automatically perfected liens for unpaid utility services against the property served or must it perfect its lien by filing with the clerk of the circuit court?
In sum:
While a municipality may impose a lien for unpaid utility services against the property served, it must perfect its lien by filing with the clerk of the circuit court in order for its claim to be effective against creditors or subsequent purchasers for consideration.
Pursuant to Article VIII, section 2, Florida Constitution, as implemented by chapter 166, Florida Statutes, municipalities in Florida have been granted broad home rule powers. Section166.021(1), Florida Statutes, recognizes that the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, with certain enumerated exceptions.[1] In addition, section 166.201, Florida Statutes, provides that a municipality may raise
by user charges or fees authorized by ordinance, amounts of money that are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law.
The courts have recognized the authority of a municipality to impose a lien for the failure to pay service charges.[2] In Attorney General Opinion 84-84, this office stated that a municipality appears to possess the power to impose by ordinance liens on all properties served by the utility system for unpaid utility service fees, and to provide for the enforcement of such liens.
However, while a municipality possesses home rule powers, it may not act in conflict with the provisions of state law. For example, the court in City of Miami Beach v. Rocio Corporation,[3] while recognizing that concurrent legislation may be enacted by both the state and local government in areas not preempted to the state, concluded that such concurrent legislation enacted by municipalities may not conflict with state law. If such conflict arises, state law prevails.[4]
Section 180.135, Florida Statutes, provides:
Any other provision of law to the contrary notwithstanding, no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for non-payment of service charges incurred by a former occupant of the rental unit; and any such unpaid service charges incurred by a former occupant will not be the basis for any lien against the rental property except to the extent that the present tenant or owner benefitted directly from the service provided to the former occupant. This section applies only when the former occupant of the rental unit contracted for such services with the municipality.[5]
Accordingly, a municipality would be prohibited by section180.135, Florida Statutes, from imposing a lien against rental property where tenants contracted directly for utility services.
In addition, section 695.01(1), Florida Statutes, provides:
No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same shall be recorded according to law . . . (e.s.)
The clerk of the circuit court is the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk.[6] Section 28.222(3)(a), Florida Statutes, provides that the clerk of the circuit court shall record the following instruments presented to him for recording, upon payment of the service charges prescribed by law:
Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, encumbrance of or claims against real or personal property or any interest in it; extensions, assignments, releases, cancellations, or satisfactions of mortgages or liens; and powers of attorney relating to any of the instruments. (e.s.)
The Marketable Record Titles to Real Property Act, chapter 712, Florida Statutes, provides that in order to preserve and protect an interest in land from extinguishment by the operation of the act, a notice as prescribed therein must be filed with the clerk of the circuit court of the county where the land is situated.[7]
Thus, the statutes require that a lien be recorded in order for the lien to be effective against other creditors or subsequent purchasers for valuable consideration. A municipal ordinance providing that the lien need not be filed with the clerk of the circuit court would appear to be in conflict with the above statutes.
Accordingly, I am of the opinion that while a municipality may impose a lien for unpaid utility services against the property served, it must file its lien by filing with the clerk of the circuit court in order to be effective against creditors or subsequent purchasers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 166.021(3), Fla. Stat. (1993), excepts from municipal regulation the subjects of annexation, merger and the exercise of extraterritorial power, any subject expressly prohibited by the constitution or expressly preempted to the state or county by the constitution or by general law, or any subject preempted to the county pursuant to county charter .
[2] Stone v. Town of Mexico Beach 348 So.2d 40 (Fla. 1st DCA 1977), upholding the validity of a town ordinance imposing liens for the nonpayment of garbage collection charges. And see, Stein v. City of Miami Beach, 250 So.2d 289 (Fla. 3d DCA 1971).
[3] 404 So.2d 1066 (Fla. 3d DCA 1981), petition for review denied, 408 So.2d 1092 (Fla. 1981). And see, Thomas v. State,614 So.2d 468 (Fla. 1993) (municipal ordinances are inferior to state laws and must not conflict with any controlling provision of statute).
[4] And see, City of Casselberry v. Orange County Police Benevolent Association, 482 So.2d 336 (Fla. 1986) (if specific conflict arises, state statute will prevail); City of Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981), petition for review dismissed, 411 So.2d 380 (Fla. 1981); Cf., Rinzler v. Carson,262 So.2d 661, 668 (Fla. 1972) (municipality cannot forbid what the Legislature has authorized or required, nor may it authorize what the Legislature has forbidden); Scavella v. Fernandez,371 So.2d 535 (Fla. 3d DCA 1979) (county ordinance requiring claims against county be filed within 60 days was in conflict with and was superseded by state statute allowing 3 years for filing).
[5] Berke v. City of Miami Beach, 568 So.2d 108 (Fla. 3d DCA 1990).
[6] See, s. 28.222(1), Fla. Stat. (1993).
[7] See, ss. 712.05 and 712.06, Fla. Stat. (1993), respectively providing for the effect of filing the notice and prescribing the contents of the required notice.