Mr. Douglas R. Maddox, Sr. Chairman Dog Island Conservation District 3087 Waterford Drive Tallahassee, Florida 32308
Dear Mr. Maddox:
The Board of Directors of the Dog Island Conservation District ask the following question:
May the Dog Island Conservation District impose a special assessment for garbage collection that, if unpaid, constitutes a lien against the property?
In sum:
The Dog Island Conservation District may impose a special assessment for garbage collection and use the provisions of section 197.3632, Florida Statutes, to levy, collect and enforce such an assessment.
The Dog Island Conservation District (district) was created in order to accomplish the coordinated, balanced, and harmonious development of Dog Island and, among other things, to promote the health, safety, and general welfare of the area.[1] The governing body of the district is the Dog Island Conservation Board (board) consisting of five directors, each of whom must be United States citizens and own fee simple title to real estate located in the district.[2]
The district's enabling legislation authorizes the board to supplement the general powers of the Franklin County Board of County Commissioners by constructing, operating, and maintaining specialized public functions or services within the district.[3]
Included within the enumerated powers is the authority to "plan, develop, implement, and construct garbage disposal facilities and programs and to require the use thereof and to regulate waste disposal[.]"[4] Further, the board is specifically authorized to "fix and collect rates, fees, and other charges for the specialized public functions or services authorized by this act"[5] and to "levy and collect special assessments."[6]
Thus, the plain language of the district's enabling legislation gives the Board of Directors of the Dog Island Conservation District the power to impose and collect fees and other charges for garbage collection. The board also is clearly authorized to levy and collect special assessments.
Special assessments must satisfy two established requirements to be considered valid. As the Supreme Court of Florida stated inCity of Boca Raton v. State[7]:
There are two requirements for the imposition of a valid special assessment. First, the property assessed must derive a special benefit from the service provided. Second, the assessment must be fairly and reasonably apportioned among the properties that receive the special benefit.[8]
Thus, the imposition of special assessments is permissible if the land on which the assessment is being imposed receives a special benefit and the assessment is fairly and reasonably apportioned among the properties that receive the special benefit. The courts of this state have recognized that special assessments may be imposed for the furnishing of garbage collection.[9]
The authority to impose liens for failure to pay special assessments is well established.[10] The proposed resolution for the imposition of a garbage special assessment contains language contemplating the use of Chapter 173, Florida Statutes, for a collection method and foreclosure of special assessment liens. However, the provisions of Chapter 173, Florida Statutes, pertain to special assessments imposed by municipalities and are not available for use by a special district.[11]
Section 197.3632, Florida Statutes, provides a uniform procedure for the levying, collection and enforcement of special assessments imposed by local governments authorized to impose non-ad valorem assessments.[12] "Local government" is defined to include a special district levying non-ad valorem assessments.[13] If a special district chooses to use the uniform method of collecting such an assessment, it must adhere to the procedures prescribed in section 197.3632, Florida Statutes.[14] Assessments collected pursuant to this section are included in the combined notice for ad valorem taxes and non-ad valorem assessments provided in section 197.3635, Florida Statutes.[15] Moreover, such assessments are subject to all collection provisions of Chapter 197, Florida Statutes, "including provisions relating to discount for early payment, prepayment by installment method, deferred payment, penalty for delinquent payment, and issuance and sale of tax certificates and tax deeds for nonpayment."[16]
Accordingly, it is my opinion that the Dog Island Conservation District has the authority to impose a special assessment for garbage collection and to use the provisions of section 197.3632, Florida Statutes, to levy, collect and enforce such an assessment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Ch. 75-374, Laws of Fla.
[2] Section 3(1)(a), Ch. 75-374, Laws of Fla. Section 3(1)(b), Ch. 75-374, Laws of Fla., prescribes a term of two years for each director.
[3] Section 3(7), Ch. 75-374, Laws of Fla.
[4] Section 3(7)(g), Ch. 75-374, Laws of Fla.
[5] Section 3(12), Ch. 75-374, Laws of Fla.
[6] Section 3(13), Ch. 75-374, Laws of Fla.
[7] 595 So.2d 25 (Fla. 1992).
[8] 595 So.2d at 29.
[9] Harris v. Wilson, 693 So.2d 945 (Fla. 1997) (special assessment for solid waste disposal upheld where county made legislative determination of special benefit to property and was not arbitrary in method of apportionment); Charlotte County v.Fiske, 350 So.2d 578 (Fla. 2d DCA 1977) (special assessment approved for solid waste services implemented due to inundation of public dumping).
[10] See, e.g., Stein v. City of Miami Beach, 250 So.2d 289
(Fla. 3d DCA 1971) (ordinance of the City of Miami Beach which provided for the imposition of special assessment liens upon real property following nonpayment by the owners of such property for garbage fees upheld); Stone v. Town of Mexico Beach, 348 So.2d 40
(Fla. 1st DCA 1977).
[11] See, s. 173.01, Fla. Stat., stating: "The lien of any and all taxes, . . . and special assessments imposed by anyincorporated city or town in the state upon real estate may be foreclosed by such city or town by suit in chancery." And see,
Title to Ch. 173, Fla. Stat., "FORECLOSURE OF MUNICIPAL TAX AND SPECIAL ASSESSMENT LIENS." (e.s.)
[12] Section 197.3632(3), Fla. Stat.
[13] Section 197.3632(1)(b), Fla. Stat.
[14] See, ss. 197.3632(3)-(6), Fla. Stat.
[15] Section 197.3632(7), Fla. Stat.
[16] Section 197.3632(8)(a), Fla. Stat. See also, Op. Att'y Gen. Fla. 97-51 (1997) (provisions of Chapter 197, Florida Statutes, are the exclusive method for enforcing liens created through the sale of tax certificates for unpaid ad valorem taxes and special assessments).